## CROUCH, LEGAL GUARDIAN OF KONSTOVICH, WIDOW, *v.* UNITED STATES.

ERROR TO THE DISTRICT COURT OF THE UNITED STATES FOR THE EASTERN DISTRICT OF VIRGINIA, TRANSFERRED FROM THE CIRCUIT COURT OF APPEALS FOR THE FOURTH CIRCUIT.

No. 61. Argued October 10, 1924.—Decided November 17, 1924.

1. No authority exists to sue the United States for compensation granted under the War Risk Insurance Act of October 6, 1917, but terminated by the Bureau of War Risk Insurance upon the ground of misconduct of the beneficiary. P. 181. *Silberschein* v. *United States, post,* 221.

2. Where an action on a claim of insurance is brought in the District Court pursuant to the jurisdiction conferred by § 13 of the War Risk Insurance Act, as amended by Act of May 20, 1918, the judgment is reviewable by the Circuit Court of Appeals, but a direct writ of error will not lie from this Court to the District Court under the statutes applicable to this case. P. 182.

3. Section 19 of the World War Veterans' Act of June 7, 1924, relating to the litigation of claims for insurance, was inapplicable to the present case. *Id.*

Case transferred to Circuit Court of Appeals.

WRIT of error from the Circuit Court of Appeals, transferred to this Court under the Transfer Act, Jud. Code, § 238 (a).

*Mr. James G. Martin* and *Mr. Ernest S. Merrill* for plaintiff in error.

*Mr. Assistant Attorney General Donovan,* with whom *Mr. Solicitor General Beck* and *Mr. Harry S. Ridgely* were on the brief, for the United States.

MR. JUSTICE McREYNOLDS delivered the opinion of the Court.

Under the Act of Congress approved October 6, 1917, c. 105, 40 Stat. 398, 409, the United States in February, 1918, issued to Stephen Konstovich a policy of insurance,

with Kathleen, his wife, as beneficiary. He went down with the " Cyclops " March 31, 1918, and the full amount of the policy, payable in monthly installments, was awarded to plaintiff Crouch as her guardian. Another award of twenty-five dollars per month was made to him, as such guardian, on account of the husband's death.

Payments were regularly made until July 12, 1921, when the Bureau of War Risk Insurance gave notice that the beneficiary had terminated her claims for both insurance and compensation by misconduct. Thereupon the guardian commenced this proceeding in the District Court. The petition prays for judgment against the United States and that they be directed to pay all installments which have or may accrue. The trial judge concluded that by misconduct the widow had terminated her right to the insurance as of September 17, 1920; further, that the United States had not consented to be sued upon the award of compensation; and it dismissed the petition, April 7, 1922. The cause went to the Circuit Court of Appeals. That court, being of opinion that it was without jurisdiction, transferred the proceeding here. Act of September 14, 1922, c. 305, 42 Stat. 837.

Article III, Act of October 6, 1917, provides for compensation where death occurs in the line of duty. Section 305 declares, " That upon its own motion or upon application the bureau may at any time review an award, and, in accordance with the facts found upon such review, may end, diminish, or increase the compensation previously awarded, or, if compensation has been refused or discontinued, may award compensation."

No authority to sue the United States for compensation has been expressly granted, and that none exists under circumstances like those here presented is determined by *Silberschein* v. *United States,* decided today, *post,* 221.

Article IV, Act of October 6, 1917, provides generally for the insurance of officers and enlisted men. Section

405—" That in the event of disagreement as to a claim under the contract of insurance between the bureau and any beneficiary or beneficiaries thereunder, an action on the claim may be brought against the United States in the district court of the United States in and for the district in which such beneficiaries or any one of them resides." Section 13, Act of 1917, as amended by the Act of May 20, 1918, c. 77, 40 Stat. 555, 556, includes the language just quoted from § 405.

In *United States* v. *Pfitsch,* 256 U. S. 457, we considered the question of jurisdiction under a statute similar to the one now before us and, in the course of discussion, pointed out that the Act of May 20, 1918, conferred upon district courts original jurisdiction over controversies arising out of claims against the United States under contracts of insurance. We adhere to the statement and hold that the applicable statutes in force when the present proceedings began did not authorize a direct writ of error from this Court. The Circuit Court of Appeals had jurisdiction to review the challenged judgment.

Section 19 of the Act approved June 7, 1924, c. 320, 43 Stat. 607, has no application to the present claim.

The cause must be returned to the Circuit Court of Appeals with directions to proceed.

*Case Transferred.*