## CROUCH v. UNITED STATES.

(Circuit Court of Appeals. Fourth Circuit. October 20, 1925.)

No. 2041.

1. **Appeal and error ⬦849(1)—Trial and decision by judge in jury case without written waiver of jury trial not reviewable on appeal.**

In a jury case, a trial and decision by a judge without written waiver of a jury trial prescribed by statute is no more than a decision of an arbitrator, and cannot be reviewed on appeal.

2. **Jury ⬦25(2)—Consent to waiver of jury trial inferred, when party goes to trial to court without objection.**

Since it is universal knowledge that a party is entitled to a jury trial in a proper case when he demands it, consent to waiver of jury trial will be inferred, when party goes to trial without a jury and makes no objection.

3. **Jury ⬦25(4)—Plaintiff in action on policy of war risk insurance did not waive right to jury trial by going to trial without a jury and without objection.**

In action on policy of war risk insurance, issued under Act Oct. 6, 1917 (Comp. St. 1918, Comp. St. Ann. Supp. 1919, § 514u et seq.), plaintiff did not waive right to jury trial by going to trial without a jury and making no objection, where both trial judge and counsel on

Certiorari denied 46 S. Ct. 203, 70 L. Ed. ——.

both sides erroneously believed that case fell under Tucker Act (Judicial Code, § 24, subd. 20 [Comp. St. § 991]), providing for trial of certain controversies by court without a jury, and case was tried without a jury, because everybody thought it could not be tried in any other way.

4. **Appeal and error ⬦184—Circuit Court of Appeals can send case back for legal trial, where everybody erroneously supposed that case was triable without a jury.**

Where action on policy of war risk insurance was tried without a jury, due to erroneous belief of trial judge and counsel on both sides that case fell under Tucker Act (Judicial Code, § 24, subd. 20 [Comp. St. § 991]), providing for trial of certain controversies by court without a jury, Circuit Court of Appeals can correct error by sending case back for a legal trial.

In Error to the District Court of the United States for the Eastern District of Virginia, at Norfolk; Edmund Waddill, Jr., Judge.

Action by Fred N. Crouch, legal guardian of Kathleen Konstovich, widow, against the United States. Judgment for the United States, and plaintiff brings error. Reversed and remanded.

Ernest S. Merrill and James G. Martin, both of Norfolk, Va., for plaintiff in error.

Lester S. Parsons, Asst. U. S. Atty., of Norfolk, Va. (Paul W. Kear, U. S. Atty., of Norfolk, Va., on the brief), for the United States.

Before WOODS and ROSE, Circuit Judges, and MEEKINS, District Judge.

PER CURIAM. On March 31, 1918, Stephen Konstovich was lost in the naval service in the wreck of the Cyclops. He had a policy of insurance issued by the United States under the Act of October 6, 1917, chapter 105, 40 Stat. 398, 409 (Comp. St. 1918, Comp. St. Ann. Supp. 1919, § 514u et seq.), for $10,000, payable to his wife, Kathleen. The full amount of the monthly installment, $57.50, payable under this policy, was awarded to the plaintiff, Crouch, as guardian of the widow. Another award of $25 was made to him as guardian on account of the husband's death. Payments were made until July 12, 1921, when the Bureau of War Risk Insurance notified the guardian that Kathleen Konstovich had terminated her right to receive benefits from both insurance and compensation by her misconduct. Thereafter the guardian filed his petition with the United States District Court for the Eastern District of Virginia, seeking judgment against the United States

for all instalments which have or may become due.

The answer set up the defense that Kathleen Konstovich had been guilty of such open and notorious illicit cohabitation as to terminate her right to payment under the war risk insurance policy and also to compensation for her husband's death. The case was tried without a jury and the District Judge made these findings of facts as to the charge of open and notorious illicit cohabitation of Kathleen Konstovich:

"The plaintiff, Kathleen Konstovich, on different occasions during the year 1920 was registered at the York Hotel, Ocean View, Va., as the wife of one Samuel Spragg, a man to whom she was not married, and did on such occasions spend the night or nights at the York Hotel and have sexual intercourse with the said Samuel S. Spragg.

"The plaintiff, Kathleen Konstovich, did on numerous occasions between August 10, 1920, and December 3, 1920, at her own home and in an automobile, have sexual intercourse with Samuel S. Spragg.

"The plaintiff, Kathleen Konstovich, at the time of the termination of her insurance and during the year 1920, at the time of her illicit intercourse with Samuel S. Spragg, bore a bad reputation for chastity and morality, and was suspected of immoral conduct by sundry persons."

As a conclusion of law from these facts the District Judge found that Kathleen Konstovich "has violated the provisions of the War Risk Insurance Act by her open and notorious illicit cohabitation, and terminated her right to war risk insurance as of September 17, 1920." By writ of error to this court plaintiff sought a review of the conclusion of law that the facts found constituted open and notorious illicit cohabitation. By consent of counsel this court transferred the case to the Supreme Court as one which should have been taken there. The Supreme Court held the jurisdiction to review the challenged judgment was in this court and returned the case, with directions to this court to proceed. 266 U. S. 180, 45 S. Ct. 71, 69 L. Ed. 233.

[1, 2] A motion on behalf of the United States was then made in this court to dismiss the writ of error on the ground that, inasmuch as the case was tried without a jury, in the absence of the statutory written stipulation waiving a jury trial, the decision below was not a judicial determination, and therefore not subject to re-examination in the appellate court. The general rule is now too well settled for question that in a jury case a trial and decision by a judge without the written waiver of a jury trial prescribed by statute is no more than the decision of an arbitrator, and cannot be reviewed on appeal. Campbell v. United States, 224 U. S. 99, 32 S. Ct. 398, 56 L. Ed. 684. The rule is also established that consent will be inferred when a party goes to trial without a jury and makes no objection. Kearney v. Case, 12 Wall. 275, 20 L. Ed. 395; Law v. United States, 266 U. S. 494, 45 S. Ct. 175, 69 L. Ed. 401, decided January 5, 1925. One of the factors of this inference, as stated in Kearney v. Case, is the universal knowledge that a party is entitled to a jury trial in a proper case when he demands it. In Law v. United States, the government had demanded a trial without a jury and the Supreme Court said the government therefore could not complain that its motion was granted.

[3, 4] But special circumstances distinguish and control this case. The trial judge and counsel on both sides supposed the case fell under the Tucker Act (Judicial Code, § 24, subd. 20), which provides for the trial of certain controversies by the court without a jury. In this they were mistaken. United States v. Pfitsch, 256 U. S. 547, 41 S. Ct. 569, 65 L. Ed. 1084; Crouch v. United States, 266 U. S. 180, 45 S. Ct. 71, 69 L. Ed. 233. The court's undertaking the trial of the case without a jury was due entirely to this mistake, and not to any consent to waive a jury trial. The case was tried without a jury, because everybody thought it could not be tried in any other way. It follows that there was really no legal trial, and no waiver of a legal trial. Under the special circumstances, we are at liberty to correct the error by sending the case back for a legal trial. Graham v. Bayne, 18 How. 60, 15 L. Ed. 265; Flanders v. Tweed, 9 Wall. 425, 443, 19 L. Ed. 678.

Judgment is therefore reversed, and the case is remanded for a trial according to law.

Reversed.

The above opinion was prepared by Judge WOODS before his death and concurred in by the other members of the court.