## ALLEN v. UNITED STATES.

(District Court, N. D. Texas, Dallas Division. February 2, 1926.)

No. 3558.

**1. Courts ⊂⟞302—District Court has jurisdiction of suit for war insurance against the United States.**

Under Act June 7, 1924 (Comp. St. Supp. 1925, § 9127½—1 et seq.), District Court has jurisdiction of suit for war insurance against the United States.

**2. Jury ⊂⟞13(1)—Suits at law tried by jury, unless waived in writing by parties.**

Under Rev. St. §§ 566, 649 (Comp. St. §§ 1583, 1587), suits at law are to be tried to jury, unless waived in writing by parties.

**3. United States ⊂⟞125—Sovereignty may provide for procedure in suits authorized against itself.**

When a sovereignty authorizes suits to be brought against itself, it may provide the procedure.

**4. Jury ⊙⟞14(2)—Amendment to act providing for suits against the United States for war insurance held not to change requirement of trial to court rather than to jury.**

Act March 4, 1925, § 2, amending Act June 7, 1924, § 19 (Comp. St. Supp. 1925, § 9127½—19) and providing that suits for war insurance should be that as provided in Tucker Act, §§ 5, 6, 10 (Comp. St. §§ 1575, 1576, 1578), left section 19 substantially as it was, and required that trials should be to court rather than to jury.

**5. Courts ⊙⟞460—Amendment referring to sections of different statute with reference to section not described held to incorporate section referred to.**

Where amendment to section 19 of Act June 7, 1924 (Act March 4, 1925, § 2 [Comp. St. Supp. 1925, § 9127½—19]), provided for procedure as in Tucker Act, §§ 5, 6, 10, (Comp. St. §§ 1575, 1576, 1578), and reference in section 10 to section 6 is wrong reference, in that it applies to section 7 (Comp. St. § 1577), *held*, that section 7 is to be considered part of amended section 19.

**6. Trial ⊙⟞404(1)—"Findings of fact" and "conclusions of law" are fruits of judicial ascertainment.**

"Findings of fact" and "conclusions of law" are not ministerial duties, but are fruits of judicial ascertainment, and findings of fact by court are not those which are found by jury.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Conclusion of Law; Finding of Fact.]

In Equity. Suit by George F. Allen against the United States. On motion of the United States attorney for trial to the court without a jury. Motion granted.

Norman A. Dodge, Asst. U. S. Atty., of Fort Worth, Tex., and C. L. Dawson, Asst. U. S. Atty., of Washington, D. C., for the motion.

John Davis, amicus curiæ, of Dallas, Tex., opposed.

ATWELL, District Judge. [1-3] This is a suit at law on a contract for insurance issued under the War Risk Insurance Act. This court has jurisdiction of such a suit. Act June 7, 1924, Stat. 1923–1925, pp. 607–630 (Comp. St. Supp. 1925, § 9127½—1 et seq.); United States v. Napoleon et al., 296 F. 811 (C. C. A. 5th Circuit). Suits at law are to be tried to a jury unless waived in writing by the parties. Sections 566, 649, R. S. U. S. (Comp. St. §§ 1583, 1587); Law v. United States, 45 S. Ct. 175, 266 U. S. 494, 69 L. Ed. 401; United States v. Pfitsch, 41 S. Ct. 569, 256 U. S. 547, 65 L. Ed. 1084. When a sovereignty authorizes suits to be brought against itself, it may provide the procedure.

[4] The War Risk Insurance Acts conferred the right upon individuals to sue the United States, but until the Act of June 7, 1924, 43 Stat. 612, no procedure was specified. In section 19 of the act (Comp. St. Supp. 1925, § 9127½—19) is this language:

"The procedure in such suits shall otherwise be the same as that provided for suits in the District Courts by the act entitled 'An act providing for the bringing of suits against the United States,' approved March 3, 1887, as amended."

The Act of March 3, 1887, is the Tucker Act (24 Stat. 505). In the face of this provision it is quite clear that the procedure that litigants were to follow when asserting their rights under the Act of June 7, 1924, was to be the procedure outlined in the Tucker Act. The Tucker Act requires trials to the court instead of trials to the jury.

By Act approved March 4, 1925 (page 1303, pt. 1, 1923–1925 Stat. at Large), Congress amended section 19 (Comp. St. Supp. 1925, § 9127½—19), above quoted, so that it reads as follows:

"The procedure in such suits shall be the same as that provided in sections 5 and 6 of the act [Tucker Act] and section 10 thereof in so far as applicable."

Section 5 of the Tucker Act (24 Stat. 506, 507 [Comp. St. § 1575]), relates to the petition, venue, etc.; section 6, being Comp. St. § 1576, to service of the petition on the district attorney and the Attorney General, time for answer, etc., and concludes:

"But the plaintiff shall not have judgment or decree for his claim, or any part thereof, unless he shall establish the same by proof satisfactory to the court."

Section 10, being Comp. St. § 1578, provides what the district attorney shall do "when the findings of fact and the law applicable thereto have been filed in any case as provided in section 6 of this act, and the judgment or decree is adverse to the government," and further along requires him to transmit to the Attorney General copies of file papers, transcript, etc., and "the written findings of the court, and his written opinion as to the same."

This change in language in the 1925 act, from the 1924 act, has left some doubt as to whether the Congress intended to leave war risk insurance cases for trial as any other lawsuit before a jury, or whether such a suit shall be tried by the court without a jury, as originally provided in the 1924 act, by the adoption of the Tucker method. The careful reader has already noticed that section 6 of

the Act of March 3, 1887, does not provide for, "specific findings by the court of the facts therein and the conclusions of the court upon all questions of law involved in the case."

[5, 6] Therefore, when section 10 refers to "the findings of fact and the law applicable thereto * * * as provided in section 6 of this act," it is a wrong reference. Section 6 contains no provision for the findings of fact. Section 7, being Comp. St. § 1577, does contain such provision. Surely we would not be authorized to ignore the provisions of section 10 which refer to findings of fact and law, even though that section erroneously points to section 6 instead of section 7. Hence section 7 should be considered a part of the amended section 19. If it is a part, then it is made the duty of the court to cause a written opinion to be filed in the case, "setting forth the specific findings by the court of the facts therein," and "the conclusions of the court upon all questions of law involved in the case," and to render judgment thereon. The words "written opinion," "specific findings of fact," "by the court," all have a decisive meaning to bench and bar.

There can be no debate about their meaning; it is not an open question. Findings of fact conclusions of law, are not ministerial duties; they are the fruit of judicial ascertainment. If the ultimate fact, or facts, that justify recovery, are judicially found by judges of facts sitting as a jury, or by the judge of the court, then that process, that finding, is within the breast, the mind, the brain of the ones, or the one, and may not be said to be found by any other. A jury retiring to consider of a case finds certain facts, which authorize it to return a particular verdict. The *jury finds* those facts. The court does not find them.

The court may not, from the ultimate conclusion reached by the jury, presume to include in any findings of fact those things which it may think entered into the minds of the jurors, or were found by the jurors, in reaching the final goal. We cannot brush this meaningful provision of section 7 aside —a provision that clearly expresses the determination of Congress that the government should be protected by a judicial determination of the judge upon the facts as well as of the law, before the Department of Justice would take steps for the liquidation of the judgment, by finding in the report to the House of Representatives of its committee on war veterans' legislation, a statement that "the amendment (Act of March 4, 1925) will give the claimants the right to a jury trial."

I have carefully considered the able opinion of the Circuit Court of Appeals, for the Ninth Circuit, in Whitney v. U. S., 8 F.(2d) 476, and am familiar with the propriety of discovering the congressional intent from the reports of congressional committees; but manifestly, since the Attorney General, under the act, is to determine his course with reference to the future conduct of the case, in which the local district attorney has been unsuccessful, from the "findings of fact" made by the trial court, and since the executive departments at Washington are to safeguard the moneys of the government by an inspection of what the court judicially determined, and since these protecting provisions are patent without any judicial construction, it seems to me that this court is bound thereby. Margolin v. U. S., 46 S. Ct. 64, 269 U. S. 93, 70 L. Ed. ——.

If the facts are found by 12 men in the jury box, rather than by the judge, he, the judge, could not very well write such findings for the information of the Department of Justice, or for the disbursing officers who are to act for the payment of a judgment so rendered. I know of no procedure for the filing of findings of fact and conclusions of law by the court, when there has been a jury trial.

Likewise, though not so persuasive, is the last paragraph in section 6 of the Tucker Act, which passes into the 1925 amendment to section 19:

"But the plaintiff shall not have judgment or decree for his claim, or any part thereof, unless he shall establish the same by proof satisfactory to the court."

Of course, the word "court" includes the judge and jury; but clearer words could be used if it was intended that the court should be composed of both judge and jury. The phrase could have ended, "unless he shall establish the same by satisfactory proof." Regardless of this latter hypercritical suggestion, the first observation with reference to findings is to my mind inharmonious with "jury trial." The amendment, therefore, made in 1925, leaves section 19 of the act of 1924 substantially as it was, so far as a trial to the court, rather than to a jury, is concerned.

The case of Crouch v. United States, 45 S. Ct. 71, 266 U. S. 180, 69 L. Ed. 233, is not an authority in point, because the court took the trouble to say: "Section 19 of the Act approved June 7, 1924, c. 320, 43 Stat. 607, has no application to the present claim."

Neither does the Law Case, nor the Pfitsch Case assist us.

The Circuit Court of Appeals for the Fourth Circuit, on October 20, 1925, in Crouch v. United States, 8 F.(2d) 435, uses this language:

"But special circumstances distinguish and control this case. The trial judge and counsel on both sides supposed the case fell under the Tucker Act (Judicial Code, section 24, subd. 20 [Comp. St. § 991]), which provides for the trial of certain controversies by the court without a jury. In this they were mistaken."

The question as to whether the case should have been tried to the court or to a jury was only indirectly before that court. I am of the opinion that the case is not an authority in the present dilemma.

The motion of the government is granted.