### MORGAN v. UNITED STATES.
### No. 9511.

Circuit Court of Appeals, Fifth Circuit.

Nov. 4, 1940.

John J. McCreary, of Macon, Ga., for appellant.

Thomas E. Walsh, Atty., Dept. of Justice, of Washington, D. C., and H. G. Rawls, Asst. U. S. Atty., of Macon, Ga., for appellee.

Before FOSTER, HOLMES, and McCORD, Circuit Judges.

HOLMES, Circuit Judge.

The controversy in this case arises out of a discontinuance, on January 8, 1934, of death compensation payments to appellant, the widow of a deceased World War veteran, which were begun on February 17, 1931. The Veterans Administration found that appellant had forfeited her right to further payments by indulging in open and notorious illicit intercourse in violation of

Section 22, subsection (5), of the War Risk Insurance Act of October 6, 1917, 40 Stat. 401. The question to be decided on this appeal is whether or not the district court had jurisdiction of this suit.

■ The appellant concedes that, ordinarily, the Government is not subject to suit in compensation cases. This proposition is too well settled for dispute.[1] It is contended, however, that in this case the action of the Director was wholly unsupported by the evidence, wholly dependent upon an erroneously decided question of law, and clearly arbitrary or capricious; that such cases are an exception to the rule, and subject to review by the federal courts.[2]

The act under which the claim is made vests in the Director the power and authority to make all rules and regulations necessary and appropriate to carry out the purposes of the act, to decide all questions arising with reference thereto, and conclusively to decide questions of fact affecting any claimant, with certain exceptions immaterial here.[3] There is no statute expressly conferring jurisdiction upon the federal courts to hear and determine such compensation cases. There is no decision of any federal court construing any statute to empower the federal courts to entertain such cases. The most that can be said in favor of such jurisdiction is that, in the absence of compelling language, resort to the courts to assert a right created by statute is deemed to be curtailed only so far as authority to decide is given to the Director,[4] and that no court has decided this precise question.

■ On the other hand, Congress is not bound, by the creation of claims against itself, to provide a remedy in the courts. It may provide an administrative remedy and make it exclusive, however, mistaken its exercise may be.[5] Recognizing this as true, let us look to the nature of the compensation claim. It arises, not out of contract, but from a statute. It is given as a

token of the Government's benevolence. It is a bounty which Congress has the right to give, withhold, distribute, or recall, at its discretion. United States v. Teller, 107 U.S. 64, 2 S.Ct. 39, 27 L.Ed. 352. It is in essence indistinguishable from a pension, and jurisdiction over suits to enforce the payment of pensions against the United States is expressly withheld from the courts by the Tucker Act. Judicial Code, Sec. 24, subsection (20); 28 U.S.C.A. § 41, subsection (20).

Affirmed.

---

[1] Silberschein v. United States, 266 U. S. 221, 45 S.Ct. 69, 69 L.Ed. 256; Sprencel v. United States, 5 Cir., 47 F.2d 501; United States v. Sellers, 5 Cir., 75 F.2d 623; Crouch v. United States, 266 U.S. 180, 45 S.Ct. 71, 69 L.Ed. 233; Smith v. United States, 8 Cir., 83 F.2d 631.

[2] This question expressly undecided by courts in Silberschein v. United States, supra, and Sprencel v. United States, supra.

[3] 38 U.S.C.A. § 426.

[4] Dismuke v. United States, 297 U.S. 167, 172, 56 S.Ct. 400, 80 L.Ed. 561; Williamsport Wire Rope Co. v. United States, 277 U.S. 551, 48 S.Ct. 587, 72 L. Ed. 985; Ness v. Fisher, 223 U.S. 683, 32 S.Ct. 356, 56 L.Ed. 610.

[5] United States v. Babcock, 250 U.S. 328, 39 S.Ct. 464, 63 L.Ed. 1011; Dismuke v. United States, supra.