## SILBERSCHEIN v. UNITED STATES.

(District Court, E. D. Michigan, S. D. January 4, 1923.)

No. 6784.

1. **Constitutional law ⚖80(1)—Decision of administrative officer within powers conferred is not subject to review by courts.**

When Congress has conferred on an executive officer power to apply and enforce a statute and decide questions arising thereunder, without making the decisions of such officer reviewable by the courts, a decision in the exercise of the jurisdiction thus conferred is final and conclusive, and not subject to review by the courts, unless affirmatively shown to have been based on no supporting evidence, or on a pure question of law, or to have been so arbitrary and unfair as to amount to a denial of due process of law.

2. **Army and navy ⚖51½, New, vol. 12A Key-No. Series—Allegation order of Veterans' Bureau was not based on facts found on examination of petitioner is insufficient.**

In a petition to recover compensation under War Risk Insurance Act, § 300, as amended by Act June 25, 1918, § 10, by Act Dec. 24, 1919, § 10a, and by Act Aug. 9, 1921, § 18, for aggravation of a previous disease suffered and contracted in the line of duty by an enlisted man in the United States Army, an allegation that the order of the Director of the Veterans' Bureau, who, under War Risk Insurance Act, § 13 (Comp. St. 1918, Comp. St. Ann. Supp. 1919, § 514kk), is authorized to decide all questions arising under the act, that the order denying further compensation to petitioner was not based on any facts found on the examination of the petitioner, but not charging that it was wholly unsupported by any evidence from any source, is insufficient.

3. **Pleading ⚖8(13)—Allegation that decision of Bureau was arbitrary, unjust, and unlawful is legal conclusion.**

An allegation that the decision of the Director of the Veterans' Bureau, denying further compensation to petitioner for disability contracted in line of duty, was arbitrary, unjust, and unlawful, and that it constituted a usurpation of power, was the expression of a legal conclusion, and not an allegation of an issuable fact.

4. **Army and navy ⚖51½, New, vol. 12A Key-No. Series—Whether Veterans' Bureau's decision was contrary to weight of evidence cannot be considered by the courts.**

An allegation that the decision of the Director of the Veterans' Bureau, denying further compensation to petitioner, was contrary to the proofs, if any, and contrary to the weight of evidence, affords no ground for complaint, since the court will not substitute its judgment for that of the Bureau on disputed questions of fact, even if the court might itself have made a different finding thereon.

5. **Army and navy ⚖51½, New, vol. 12A Key-No. Series—Allegation undisputed evidence showed disability is insufficient, without charge it resulted from service.**

An allegation, in a petition for compensation for disability resulting from an aggravation of a previous disease incurred in the service, that the undisputed evidence showed that petitioner was temporarily totally disabled, but not alleging that such evidence showed the disability re-

⚖For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

sulted from disease caused or aggravated in the line of duty, was insufficient.

6. **Army and navy ⊜⇒51½, New, vol. 12A Key-No. Series—Veterans' Bureau has authority to terminate or reduce amount of award.**

Under War Risk Insurance Act, § 305, as amended by Act Aug. 9, 1921, § 19, authorizing the Veterans' Bureau, on its own motion or on application at any time to review an award, and to end, diminish, or increase the compensation previously awarded, an allegation in a petition that the action of the Director in terminating the compensation was arbitrary, since the disability after the termination was the same and resulted from the same causes as that for which compensation was previously allowed, was insufficient.

Petition by Sam Silberschein against the United States, brought under the Tucker Act, as modified by Judicial Code, § 24, subd. 20. On motion to dismiss the petition. Motion sustained, and petition dismissed.

Fixel & Fixel, of Detroit, Mich., for petitioner.
Earl J. Davis, U. S. Dist. Atty., of Detroit, Mich.

TUTTLE, District Judge. The subject-matter of this cause is before the court for the second time on motion to dismiss a petition brought against the United States under the so-called Tucker Act (24 Statutes at Large, 505, as modified by subdivision 20 of section 24 of the Judicial Code. [Comp. St. § 991(20)]), claiming damages in the sum of $10,000. The previous petition by the same plaintiff was dismissed by this court (280 Fed. 917) for reasons set forth in the written opinion then filed. The various sections of the War Risk Insurance Act, as changed by the different amendments thereto, were there fully reviewed and the discussion thereof need not be repeated here. Thereafter plaintiff filed the present petition seeking the same relief there sought, but making certain changes in, and additions to, his statements of fact. The motions to dismiss are identical in the two cases.

Plaintiff alleges in his petition in the instant case that he enlisted in the United States Army on December 9, 1917, and was discharged therefrom, on account of physical disability, on February 8, 1918; that before, and at the time of his enlistment he was an able-bodied man; that he believes that when he enlisted he stated that he had a venereal disease, which was noted in the military record at the time, but that such disease, if any, did not prevent him from performing remunerative work or earning his living thereby; that said disease was the only defect, disorder or infirmity noted of record by an authority of the United States at the time of, or prior to, petitioner's inception of active service; that he was discharged from military service "with disability consisting of chronic orchitis, varicose veins, fallen arches, articular rheumatism, osteoporosis of the hands and feet, and other ailments, all of which were incurred in, or which resulted from an aggravation during, military service of said disease existing prior to military service," and from none of which was he suffering on his entry into such service; that petitioner has ever since been totally disabled as a result of the said ailments and is advised that he is perma-

nently injured and disabled, and will require operations and medical attention and services in the future; that he "was hospitalized by the United States of America practically all of the time subsequent to his discharge from the military service, on account of disabilities incurred in, or aggravated by, his military service"; that the Bureau of War Risk Insurance and its successor, the Veterans' Bureau, awarded to him certain compensation from the time of his discharge from military service, on said February 8, 1918, until March 18, 1921, on the basis of temporary partial disability, while petitioner alleges that during this period he was totally disabled and entitled to compensation on such basis; that his disability was held by the Director of the said Veterans' Bureau to be noncompensable after the date last mentioned; that "said award and said ruling so made by the Director of the Veterans' Bureau are not based on any facts found on the examination of the petitioner," and are "arbitrary, unjust and unlawful"; that "said award and said ruling constitute a usurpation of the power vested in said Bureau by the act creating said Bureau; that the decision reached on the claim of the petitioner was made contrary to the proofs, if any, and the decision of said Bureau is contrary to the weight of evidence on file in petitioner's case"; that the action of the Director of said Bureau is arbitrary, as the disability of petitioner after the termination of his compensation was the same and resulted from the same causes as and for which compensation was previously allowed to him, and as "the undisputed evidence as found showed that petitioner was temporarily totally disabled" during the period for which he was granted compensation for temporary partial disability; that "it was admitted by the Veterans' Bureau and the hospital authorities that petitioner has been since his discharge suffering from disabilities incurred in, or aggravated by, his military service, according to communications and letters attached" to his petition; and that "after it was claimed by the Veterans' Bureau that petitioner was no longer suffering from any disability which was compensable, said Veterans' Bureau was attempting to confine petitioner" in a certain named United States hospital, transportation having been issued to him for that purpose. The first of the letters just mentioned (from the Director of the Bureau to the petitioner) is dated August 26, 1918, and states:

"You are awarded compensation in the amount of $30 per month, from the 19th day of February, 1918, to the 15th day of July, 1918, on account of disability resulting from injury incurred in the line of duty while employed in the active service."

The next letter is from the same Bureau to the petitioner, under date of February 28, 1921, and contains the following statement:

"An award of compensation was approved in your favor on February 19, 1921, based upon a temporary total disability rating effective from July 16, 1918."

The next succeeding letter (from the Assistant Director of the Bureau to petitioner) is dated March 18, 1921, and advises petitioner that his award of compensation has been changed to payments of $80 per month, effective from July 16, 1918. This letter contains the following statement:

"The action taken in your claim is subject to further amendment in accordance with any additional evidence that may be received that would warrant a review."

The fourth and last of said letters, from the district medical officer of the Veterans' Bureau to the petitioner, dated November 21, 1921, is as follows:

"The report of your recent examination made on October 24, 1921, by an examiner of the United States Veterans' Bureau, indicates that you are in need of hospital care and treatment. Inclosed herewith please find transportation and hospital card of admission, in order that you may receive the hospitalization recommended for you. You are requested to proceed at your earliest convenience, reporting to the medical officer in charge of the United States Public Health Service Hospital No. 37, Waukesha, Wis. Please advise this office of the date you enter the hospital, using the inclosed franked envelope."

The motion to dismiss alleges several grounds in support of the assertion that the petition shows on its face that petitioner is not entitled to recover thereon.

Section 300 of the War Risk Insurance Act, the Act of September 2, 1914, chapter 293, 38 Statutes at Large, 711, as amended by section 10 of the Act of June 25, 1918, 40 Statutes at Large, 609, later amended by section 10a of the Act of December 24, 1919, 41 Statutes at Large, 371, and amended further by section 18 of the Act of August 9, 1921, 42 Statutes at Large, 147, abolishing the Bureau of War Risk Insurance and creating, as its successor, the Veterans' Bureau, provides as follows:

"For death or disability resulting from personal injury suffered or disease contracted in the line of duty on or after April 6, 1917, or for an aggravation of a disability existing prior to examination, acceptance, and enrollment for service, when such aggravation was suffered and contracted in the line of duty on or after April 6, 1917, by any * * * enlisted man, * * * the United States shall pay to such * * * enlisted man * * * compensation" as provided in said statute.

Section 305 of the act, as amended by section 19 of the Act of August 9, 1921, just cited, contains the following provision:

"Upon its own motion or upon application the bureau may at any time review an award, and, in accordance with the facts found upon such review, may, end, diminish, or increase the compensation previously awarded."

Section 13 of the War Risk Insurance Act provides, among other things, as follows:

"The Director, subject to the general direction of the Secretary of the Treasury, shall * * * decide all questions arising under the act." Comp. St. 1918, Comp. St. Ann. Supp. 1919, § 514kk.

By section 1 of the aforesaid Act of August 9, 1921, the powers and duties of the Director of the War Risk Insurance Bureau were transferred to the Director of the newly created successor to that Bureau, namely, the Veterans' Bureau, subject to the general direction of the President. By section 2 of the act last cited, it is provided that the Director therein mentioned "shall decide all questions arising under this act except as otherwise provided therein." It is not, and cannot

properly be, claimed that the present case falls within any such exception thus reserved.

The previous petition of the plaintiff already referred to was dismissed by this court for the reason that the very statute on which plaintiff relied for recovery provided that the Director of the Bureau in question was expressly vested by Congress with power to decide the question raised by said plaintiff, and that it appeared from the face of the petition that such Director had already decided such question adversely to the plaintiff. Among other things, this court there said:

"It is plain that Congress intended to confer upon the administrative officer mentioned full and exclusive authority to decide all questions arising under the Act in so far as they involved the exercise of executive duties and required the determination of disputed questions of fact, and to the extent indicated to make such decisions final and not reviewable by the courts."

[1] Upon re-examination of the question there considered and decided and the principle of law held to be controlling, together with a close examination and study of all of the allegations in the present petition, I am of the opinion, not only that the former case was correctly decided, but that the same considerations and resultant conclusions are equally applicable to the present case. It is well settled that when Congress has enacted a statute creating rights or privileges, and has therein conferred upon an executive officer of the government power to apply and enforce such statute, and to decide questions arising thereunder, without making the decisions of such officer reviewable by the courts, such a decision, made in the exercise of the jurisdiction thus conferred, is final and conclusive, and not subject to review by the courts, unless affirmatively shown to have been based upon no supporting evidence or upon a pure question of law, or to have been so arbitrary and unfair as to amount to a denial of due process of law. Decatur v. Paulding, 14 Pet. 497, 599 Append., 10 L. Ed. 559, 609; United States v. Black, 128 U. S. 40, 9 Sup. Ct. 12, 32 L. Ed. 354; Medbury v. United States, 173 U. S. 492. 19 Sup. Ct. 503, 43 L. Ed. 779; United States v. Hitchcock, 190 U. S. 316, 23 Sup. Ct. 698, 47 L. Ed. 1074; Bates & Guild Co. v. Payne, 194 U. S. 106, 24 Sup. Ct. 595, 48 L. Ed. 894; Public Clearing House v. Coyne, 194 U. S. 497, 24 Sup. Ct. 789, 48 L. Ed. 1092; United States v. Fisher, 223 U. S. 683, 32 Sup. Ct. 356, 56 L. Ed. 610; United States v. Laughlin, 249 U. S. 440, 39 Sup. Ct. 340, 63 L. Ed. 696; United States v. Babcock, 250 U. S. 328, 39 Sup. Ct. 464, 63 L. Ed. 1011; Silberschein v. United States, supra. Careful scrutiny and consideration of the facts and circumstances alleged in the present petition make it clear, in my opinion, that, treating all of the allegations of such facts as true (which must be done for the purposes of this motion to dismiss), plaintiff has not made it to appear that the decision of the executive official complained of was in excess of his jurisdiction, nor that it was without any evidentiary support, nor that it was based wholly upon a question of law, nor that it was the result of arbitrary unfairness warranting the interference of this court.

[2-6] It is true that certain changes have been made by plaintiff, in his present petition, as compared with the allegations in his former

petition, and that he has now made a number of new statements of fact. These, however, are insufficient, under the applicable rule of law just mentioned, to entitle plaintiff to the relief sought. Thus, he now alleges, as he failed to do in his former petition, that the order complained of was not based on any facts "found on the examination of the petitioner." It is not, however, asserted by him that such order was wholly unsupported by any evidence whatever, from any source. Plaintiff has now also added an averment that said decision is "arbitrary, unjust and unlawful." This, however, is merely the expression of a legal conclusion and not an allegation of any issuable fact. The same is true of the complaint (not made in the previous petition) that the award and ruling of the Bureau constitute a "usurpation" of power by the executive officials in question. The allegations, not made in the former petition, that such decision was "contrary to the proofs, if any," and that it was "contrary to the weight of evidence on file in petitioner's case," if true, afford no ground for complaint, as this court will not substitute its judgment for that of the Bureau on disputed questions of fact, even if on the same facts the court might itself have made a different finding thereon. The question involved in this connection is not whether, in the opinion of this court, there was *sufficient* evidence to support the decision, but merely whether there was *any* such evidence. Nor is plaintiff aided by his present assertion, not set forth in his first petition, that "the undisputed evidence, as found, showed that petitioner was temporarily totally disabled" during the period referred to, as it is not alleged that such evidence showed that said disability resulted from injury or disease caused or aggravated "in the line of duty" as provided by the statute relied on. The allegation in the present, but not in the former, petition to the effect that the action of the Director of the Bureau is "arbitrary, as the disability of petitioner after the termination of his compensation was the same and resulted from the same causes as and for which compensation was previously allowed to him," is without force, for the reason that it overlooks the statutory provision, hereinbefore quoted, authorizing the Bureau to review an award at any time, upon its own motion or on application, and terminate or reduce the amount of such award. It is plain that the present petition does not show sufficient facts and circumstances to entitle plaintiff to the relief prayed.

It follows that the petition must be dismissed, and an order will be entered accordingly.