## SILBERSCHEIN *v.* UNITED STATES.

ERROR TO THE DISTRICT COURT OF THE UNITED STATES FOR
THE EASTERN DISTRICT OF MICHIGAN.

No. 66. Argued October 13, 1924.—Decided November 17, 1924.

1. The War Risk Insurance Act, as amended, commits to the Director
   of the Veterans' Bureau the duty and authority of administering
   its provisions and of deciding all questions arising under it. P. 225.
2. The decision of the Director upon a right to compensation claimed
   under the act, is final and conclusive and not subject to judicial
   review, at least unless the decision be wholly unsupported by
   evidence, wholly dependent upon a question of law, or clearly
   arbitrary or capricious. *Id.*
3. The act authorizes the Director to discontinue compensation which
   he finds to have been erroneously awarded. P. 224.
4. Disability, to be compensable under the statute, must have re-
   sulted from injury or disease caused or aggravated in the line of
   duty. *Id.*

5. Evidence tending to prove the unsoundness of the Director's determination of a matter properly submitted to his judgment, *held* to fall far short of proving the determination arbitrary. P. 224.

285 Fed. 397, affirmed.

ERROR to a judgment of the District Court dismissing an action brought against the United States under subdivision 20 of Jud. Code § 24, on a claim for compensation under the War Risk Insurance Act, upon the ground that the determination of the matter by the Director of the Veterans' Bureau was final and not reviewable by the courts.

*Mr. Rowland W. Fixel* for plaintiff in error.

*Mr. Assistant Attorney General Donovan,* with whom *Mr. Solicitor General Beck* and *Mr. Harry S. Ridgely* were on the brief, for the United States.

MR. JUSTICE SUTHERLAND delivered the opinion of the Court.

This writ of error brings here for determination the question whether the United States may be sued under subd. 20, § 24 of the Judicial Code, upon a claim for compensation arising under § 300 of the War Risk Insurance Act, as amended by § 10, c. 104, 40 Stat. 609, 611, and subsequent acts; and, if so, under what circumstances such suit may be maintained. That section, so far as necessary to be stated, provides that compensation shall be paid to any enlisted man for a disability resulting from personal injury suffered or disease contracted in the line of duty when employed in active military service. The statute fixes a scale of monthly payments, dependent upon the extent of the disability. See § 11, c. 16, 41 Stat. 371, 373. The administration of the original act was committed to the Director of the War Insurance Bureau, § 13, c. 105, 40 Stat. 399, and so remained until the creation of the Veterans' Bureau by the Act of August 9, 1921, c. 57, 42 Stat. 147, when the authority was devolved upon

the Director of that Bureau. The official, in each instance, was directed to administer, execute and enforce the provisions of the act, with authority to make rules and regulations not inconsistent therewith necessary or appropriate to carry out its purposes and " decide all questions arising under this Act," except as otherwise provided therein. See § 2 of the 1921 Act, 42 Stat. 148.

An examination of the original act and the various amendatory acts fails to disclose, so far as this question is concerned, any exception to or limitation upon the authority of the Director. There is no provision therein expressly granting the right to maintain any suit against the United States in respect of claims for such compensation.

The original Act of 1917 and subsequent amendatory acts conferred upon the Bureau the authority to revise an award at any time, in accordance with the facts found, and to end, diminish or increase compensation previously awarded. § 305, c. 105, 40 Stat. 398, 407; § 19, c. 57, 42 Stat. 154.

The court below, after a very full review, dismissed the petition, holding that it was the evident intention of Congress to confer upon the Director full and exclusive authority to decide all questions arising under the act, in so far as they involved the exercise of executive duties and required the determination of disputed questions of fact, and to the extent indicated, to make his decision final and not reviewable by the courts. 285 Fed. 397; 280 Fed. 917.

Plaintiff in error was in the military service as an enlisted man from December 9, 1917, until February 8, 1918, when he was discharged on account of physical disability. He was, at first, awarded compensation as for a total temporary disability, which was subsequently reduced to twenty per cent. as for a temporary partial disability, § 11, c. 16, 41 Stat. 371, 373, and finally taken away altogether on and after March 18, 1921, on the ground that the disability had ceased to be compensable.

The petition alleged that the decision of the Director was arbitrary, unjust and unlawful, constituted a usurpation of power, was " contrary to the proofs, if any," and " contrary to the weight of evidence on file in petitioner's case." The action of the Director was alleged to be arbitrary:

(1) Because after allowing compensation he discontinued it, although petitioner's physical condition had not improved but had become worse, *being the same and resulting from the same causes for which compensation was originally allowed.* But this is to say only that the Director had changed his mind; and, for aught that appears, that may have been based upon another and better view of the facts. Ample authority for his action is found in the provision already referred to, conferring power upon the Bureau to revise an award at any time and to end, diminish or increase the compensation.

(2) Because he allowed for temporary *partial* disability when the undisputed evidence as found showed that petitioner was temporarily *totally* disabled. But, as the court below pointed out, it is not alleged that such evidence showed that such disability resulted from injury or disease caused or aggravated " in the line of duty," as provided by the statute.

(3) Because petitioner was suffering from disabilities shown by entries in the Adjutant General's Office not to exist at the time of his entering into the service, and there was no cause therefor other than petitioner's military service; that it was admitted by the Veterans' Bureau hospital authorities that since his discharge petitioner had been suffering from disabilities incurred in the military service, as evidenced by communications and letters attached to petition. These are all matters bearing, at most, upon the soundness of the Director's determination upon a matter properly submitted to his judgment, and fall far short of establishing its arbitrary character.

The general allegations of the petition that the Director's decision was arbitrary, unjust and unlawful, and a usurpation of power, are merely legal conclusions. Clearly, the petition does not present a case where the facts are undisputed and the only conclusion properly to be drawn is one favorable to petitioner, or where the law was misconstrued, or where the action of the executive officer was arbitrary or capricious.

We pass, without deciding, the question raised by the contention of the Government that the claim is in fact for a pension and, hence, expressly excluded from judicial review by the terms of subd. 20, § 24, of the Judicial Code, and that, in any event, it is for a mere gratuity for which no suit can be maintained, even if the United States were otherwise suable; since, in any view of the matter, we conclude that no case is made for judicial intervention.

The statute which creates the asserted right, commits to the Director of the Bureau the duty and authority of administering its provisions and deciding all questions arising under it; and in the light of the prior decisions of this Court, we must hold that his decision of such questions is final and conclusive and not subject to judicial review, at least unless the decision is wholly unsupported by the evidence, or is wholly dependent upon a question of law or is seen to be clearly arbitrary or capricious. *Bates & Guild Co.* v. *Payne,* 194 U. S. 106, 108–110; *Medbury* v. *United States,* 173 U. S. 492, 497–498; *Ness* v. *Fisher,* 223 U. S. 683, 691–692; *Degge* v. *Hitchcock,* 229 U. S. 162, 171; *Int. Com. Comm.* v. *Union Pacific R. R. Co.,* 222 U. S. 541, 547; *Int. Com. Comm.* v. *Louis. & Nash. R. R. Co.,* 227 U. S. 88, 91.

Since it is not made to appear from the allegations of the petition that any of these exceptional conditions exist, the judgment of the District Court must be and it is

*Affirmed.*