## O'ROURKE v. PARKER, FEDERAL PROHIBITION ADMINISTRATOR.

(District Court, D. Massachusetts. June 21, 1926.)

No. 2545.

Intoxicating liquors ☞108(5).

Evidence that druggist knew or had reason to believe that whisky prescriptions which he filled were for beverage rather than medical purposes *held* to authorize forfeiture of his permit under National Prohibition Act, tit. 2, § 9 (Comp. St. Ann. Supp. 1923, § 10138½dd), and regulations of the commissioner under title 2, § 1, subd. 7 (Comp. St. Ann. Supp. 1923, § 10138½).

In Equity. Suit by John J. O'Rourke against George A. Parker, Federal Prohibition Administrator. Decree dismissing bill.

Charles F. Campbell, of Worcester, Mass., for plaintiff.

Harold P. Williams, U. S. Atty., and Bennett Sanderson, Asst. U. S. Atty., both of Boston, Mass., for defendant.

BREWSTER, District Judge. This is a proceeding to review a decision of the federal Prohibition Administrator revoking a permit held by the plaintiff, as proprietor of a drug store in Worcester, Mass., known as the Warren Hotel Pharmacy. The material facts, as established by the evidence, are as follows:

The plaintiff is a registered pharmacist conducting a drug store in Worcester, and was operating under a permit issued under the National Prohibition Act (Comp. St. Ann. Supp. 1923, § 10138¼ et seq.). In January, 1926, he was cited to appear before the federal Prohibition Administrator for this district to show cause why his permit should not be revoked and canceled upon the ground that the plaintiff had not in good faith conformed with the provisions of the National Prohibition Act. Certain acts of bad faith were specified, which may be summarized as follows:

(1) Selling intoxicating liquor without being authorized by the National Prohibition Act on dates specified.

(2) Conspiring on different dates with another person, or persons, to violate the provisions of the act, alleging as overt acts the payment of money and the obtaining of false and fraudulent prescriptions.

(3) Filling prescriptions for intoxicating liquor, having reason to believe that the liquor thus prescribed was intended for other than medicinal use, on dates specified between September 2, 1925, and January 1, 1926.

A hearing was held before an inspector representing the federal Prohibition Administrator. The only evidence adduced at this hearing was the testimony of two federal prohibition agents and an affidavit of a physician, to which further reference will be made.

On March 22, 1926, the defendant revoked the permit upon all the grounds set out in the citation, as summarized above. This proceeding is instituted by the permittee for a review under the provisions of section 9 of title 2 of the National Prohibition Act (Comp. St. Ann. Supp. 1923, § 10138½dd), which provides that the permittee whose permit has been revoked may have a review of his decision before a court of equity, in the manner provided in section 5 of the act (Comp. St. Ann. Supp. 1923, § 10138½bb).

Section 5 of the act is the section which gives a manufacturer a right "by appropriate proceeding in a court of equity" to "have the action of the commissioner reviewed." The section further provides that "the court may affirm, modify, or reverse the finding of the commissioner as the facts and law of the case may warrant."

Proceeding on the theory adopted by Judge Anderson in O'Sullivan v. Potter (D. C.) 290 F. 844, that the review was "nearly, if not quite, a trial de novo," I received evidence in order that I might determine whether the facts and the law of the case warranted a revocation of the permit. Since the hearing, the Supreme Court of the United States has handed down an opinion in Ma-King Products Co. v. Blair, 46 S. Ct. 544, 70 L. Ed. ——, decided June 1, 1926, in which the following pertinent observations are made:

"On the other hand, it is clear that Congress in providing that an adverse decision of the commissioner might be reviewed in a court of equity did not undertake to vest in the court the administrative function of determining whether or not the permit should be granted; but that this provision is to be construed, in the light of the well-established rule in analogous cases, as merely giving the court

authority to determine whether, upon the facts and law, the action of the commissioner is based upon an error of law, or is wholly unsupported by the evidence or clearly arbitrary or capricious. See Silberschein v. United States, 266 U. S. 221, 225, 45 S. Ct. 69, 69 L. Ed. 256, and cases cited."

The first question, therefore, is whether the commissioner's action is "wholly unsupported by the evidence or clearly arbitrary or capricious."

With this question in mind, I have weighed and considered the evidence submitted at the hearing before me. I am satisfied that there was no evidence to warrant the administrative officer in finding that the permittee had sold intoxicating liquor without authority, or that he had conspired with others to violate the provisions of the act by obtaining false and fraudulent prescriptions. The only evidence having any tendency to prove these acts was the affidavit of a physician who was shown to be so mentally irresponsible that his testimony could not be given any weight whatever in a court of justice. This conclusion, however, does not remove all the grounds upon which a revocation might properly be based.

Section 9 of the National Prohibition Act, in substance, provides that, if the commissioner has reason to believe that a permittee "is not in good faith conforming to the provisions of this act," the commissioner shall issue a citation containing a statement of the facts constituting the violation charged, and if, after hearing, he finds that the permittee has been guilty of willfully violating the law as charged, or has not in good faith conformed to the provisions of the act, the permit should be revoked.

The evidence presents a case where one would have difficulty in finding any act of the permittee which would justify the administrative officer in finding that the permittee had not in good faith conformed to the provisions of the act, unless we go so far as to say that a failure to conform in good faith to the terms of the permit, or the provisions of certain regulations issued by the commissioner, is to be treated as a failure to conform to the provisions of the act.

In clause 7, § 1, tit. 2, of the National Prohibition Act (Comp. St. Ann. Supp. 1923, § 10138½), it is provided that the term "regulation" shall mean any regulation prescribed by the commissioner with the approval of the Secretary of the Treasury for carrying out the provisions of this act, and the commissioner is authorized to make such regulations. The commissioner has issued regulations rela-

tive to intoxicating liquor known as "Regulations 60," and in article XIII, § 1314, it is provided that:

"Druggists who fill prescriptions are held strictly accountable for the authenticity of the form upon which prescriptions for liquor are written, and the filling of bogus prescriptions or lack of care in scrutinizing or investigating prescriptions offered for filling tends to show bad faith, and the presence of counterfeit forms in the druggist's file of filled prescriptions may be regarded as prima facie grounds for revocation of his permit."

Assuming that this regulation is a lawful exercise of the authority vested in the commissioner, then, in my opinion, the evidence submitted would be sufficient to justify the administrative officer in revoking the permit issued to the plaintiff. There was no dispute about the fact that at least one, and possibly more, physicians were issuing prescriptions, not for medical purposes, but rather for the purpose of enabling the party to whom the prescription was issued to obtain the liquor for beverage purposes, contrary to the spirit and intent of the National Prohibition Act. This happened with such frequency and regularity that it is difficult to escape the conviction that the permittee knew, or had reason to believe, that he was filling prescriptions that were being issued contrary to law. In any event, the representative of the department intrusted with the enforcement of the law has so found, and it is impossible for me to say that his action was clearly arbitrary or capricious or his conclusions wholly unsupported by the evidence. I therefore find that the action of the defendant, or his agents, in revoking the permit should be upheld, unless I ought to rule, as a matter of law, that the commissioner exceeded his authority in imposing upon a druggist the duty of carefully scrutinizing and investigating prescriptions offered for filling. If we have in mind the provisions of title 2, to the effect that all the provisions of this act shall be liberally construed, to the end that the use of intoxicating liquors as a beverage may be prevented, and the fact that authority is expressly given to the commissioner to make regulations for the carrying out of the provisions of the act, we are brought to the conclusion that the commissioner has a right to prescribe by regulation that one who receives authority to dispense intoxicating liquor on prescription shall assume some responsibility with reference to the bona fides of the transaction. Otherwise, a druggist, by literally complying with the terms of the law and regulations relating to recording and reporting, might dispose of a

14 F.(2d)—13

large quantity of intoxicating liquor to be used for beverage rather than for medicinal purposes. It is to prevent saloons being conducted under the guise of drug stores that such a regulation as that contained in section 1314 has been promulgated. A failure to comply with this regulation may well be regarded as a failure to conform in good faith with the provisions of the act.

Moreover, the form of permit which was issued to the plaintiff, and which he accepted, provides that all provisions of Regulations 60 relating to permits and their effect are to be considered part of the permit and to be included in the provisions and conditions of the permit, and also that the permit may be revoked in the manner and for the causes set forth in Regulations 60.

The action of the administrator in revoking plaintiff's permit is affirmed, and a decree may be entered dismissing the bill of complaint.