## ENNIS COAL CO. v. UNITED STATES.

Circuit Court of Appeals, Fourth Circuit. January 14, 1930.

No. 2906.

Leo Brady, of New York City (Jos. M. Sanders, Jr., of Bluefield, W. Va., and John L. Steinbugler and Leo H. Hoffman, both of New York City, on the brief), for appellant.

Okey P. Keadle, Asst. U. S. Atty., of Huntington, W. Va., and Charles T. Hendler, Sp. Atty., Bureau of Internal Revenue, of Washington, D. C. (James Damron, U. S. Atty., of Huntington, W. Va., and C. M. Charest, Gen. Counsel, Bureau of Internal Revenue, of Washington, D. C., on the brief), for the United States.

Before WADDILL, PARKER, and NORTHCOTT, Circuit Judges.

PER CURIAM. This is an appeal from an order of the District Court of the United States for the Southern District of West Virginia, at Bluefield, sustaining a demurrer and dismissing the petition of the appellant, who was plaintiff below.

Appellant is a West Virginia corporation, and filed with Collector of Internal Revenue, at Parkersburg W. Va., a claim for refund of war profits and excess profits taxes paid for the year 1918, claiming that it was entitled to special assessment under sections 327 and 328 of the Revenue Act of 1918 (40 Stat. 1093). The Commissioner of Internal Revenue found against appellant, and denied that it was entitled to special assessment.

Appellant then filed its petition in the court below, to which petition the defendant demurred. The court below sustained the demurrer and dismissed the petition, from which judgment this appeal was taken.

This case is controlled by a recent decision of the Supreme Court of the United States in the case of Williamsport Wire Rope Company v. United States, 277 U. S. 551, 48 S. Ct. 587, 590, 72 L. Ed. 985, where Mr. Justice Brandeis, speaking for the court, said: "We conclude that the determination whether the taxpayer is entitled to the special assessment was confided by Congress to the Commissioner, and could not, under the Revenue Act of 1918, be challenged in the courts—at least in the absence of fraud or other irregularities."

There is no allegation of fact in appellant's petition that would show or tend to

show fraud or other irregularities, in order to bring this case within the exception noted by Justice Brandeis. A general allegation that the action of the Commissioner "was arbitrary, irregular and without justification" is merely a conclusion and not such a statement of fact as would give the lower court jurisdiction.

"The general allegations of the petition that the Director's decision was arbitrary, unjust and unlawful, and a usurpation of power, are merely legal conclusions. Clearly, the petition does not present a case where the facts are undisputed and the only conclusion properly to be drawn is one favorable to petitioner, or where the law was misconstrued, or where the action of the executive officer was arbitrary or capricious." Silberschein v. United States, 266 U. S. 221, 45 S. Ct. 69, 71, 69 L. Ed. 256.

The action of the court in sustaining the demurrer and dismissing the petition is proper, and the judgment is accordingly affirmed.