## Coley's Estate.

Argued April 21, 1931. Before FRAZER, C. J., WALLING, SIMPSON, KEPHART, SCHAFFER and MAXEY, JJ.

*John M. Dervin,* United States Veterans' Bureau, for appellant.

*Sadie T. M. Alexander,* with her *Raymond Pace Alexander,* for appellee.

PER CURIAM, May 25, 1931:

John M. Dervin, Esq., regional attorney of the United States Veterans' Bureau, acting on behalf of the director of the bureau, appeals from an adjudication by the Orphans' Court of Philadelphia County.

Samuel Coley, whose estate, as a minor, is involved, was awarded $5,000 war risk insurance, as the son of Freeman Coley, under authority of section 402 of the War Risk Insurance Act, which provides that, if no beneficiary within the permitted class be designated by the insured, the insurance is payable to those entitled in case of intestacy under the laws of the state of insured's residence. Freeman Coley died in the military service of the United States on October 8, 1918. His war risk insurance named as beneficiary Marion Phillips Coley, described as his wife, who was found to have no legal claim to that relationship, and who was not within the permitted class of beneficiaries of war risk insurance. The insurance, accordingly, was awarded to Samuel Coley, a minor, upon evidence that he was the son of Freeman Coley and Leona Johnson Coley. The or-

phans' court duly appointed a guardian to have charge of the minor's estate. Upon Samuel Coley's becoming of age on August 5, 1929, the guardian (the Southwestern National Bank of Philadelphia) submitted its account, which was confirmed by the court and the funds ordered distributed; whereupon appellant, on behalf of the United States Government, excepted to the adjudication, stating that the United States Veterans' Bureau had not been notified of the audit of the account in question, and that the accountant had been advised the United States Veterans' Bureau held a claim against the estate for an amount in excess of the balance adjudicated. The orphans' court thereupon directed that the belated exceptions be treated as in the nature of an application for a rehearing of the case, which was accordingly held. We find confusion in the case as to whether the bureau claims a refund of war risk insurance and compensation or merely the former. The court below decided to treat the claim as for war risk insurance and we shall refer to it as such.

At the rehearing, appellant offered in evidence a ruling by the general counsel of the United States Veterans' Bureau stating that new evidence had been discovered indicating that Samuel Coley was not the child of Freeman Coley, that he was not entitled to receive the insurance, and stopping payments thereon, and instructing that "the guardian should be advised of this ruling in order that he may take such action to protect the rights of the child as he may deem advisable." Treating the ruling as "final and conclusive," appellant produced no other testimony at the rehearing before the auditing judge tending to show that Samuel Coley is not the son of Freeman Coley.

It appears from the record that the rehearing before the director of the veterans' bureau which resulted in the ruling by the general counsel was an ex parte proceeding, of which the minor's guardian received no notice, and no opportunity was given the latter to present

evidence on behalf of its ward. The evidence offered on appellee's behalf at the rehearing in the orphans' court conclusively warranted the finding of the auditing judge that Samuel Coley is the son of Freeman Coley and no mistake of fact has been proved. In his readjudication the auditing judge, with evidence before him of a highly convincing character, properly says that, on an ex parte hearing, to brand Samuel Coley as illegitimate, and suggest, as the ruling also does, that the insurance award was secured by a criminal act, was not only "capricious" (Silberschein v. United States, 266 U. S. 221, 225), but a "gross abuse of discretion," and particularly so when we consider that the evidence which brought about the ruling, as shown therein, was of a character that it must have been readily available at the time the award was made. We find no error in the adjudication of the orphans' court.

The decree is affirmed at cost of appellant.