Williams, Judge,
delivered the opinion of the court :
. The plaintiff in this case, Bobert; Kirk, lunatic, by his committee, Clayton E. Émig, seeks to enforce a,gainst,the United States an award for compensation made under the provisions of section 300 of the War Bisk Insurance Act of October 6, 1917 (40 Stat. 398-411), as amended by subsequent acts of Congress. . . •
The plaintiff was honorably discharged from the Army on December 30, 1919, having previously been adjudged a lunatic by a court of competent jurisdiction. The Director of the Bureau of War Bisk Insurance decided that plaintiff’s. affliction had been contracted in the military service; that he was permanently and totally disabled and entitled under the provisions of the War Bisk Insurance Act of October 6, 1917, as amended by the acts of June 25, 1918, and December 24, 1919, to the payment of $100 per month compensation from the date of his discharge. An award in that amount was accordingly made and duly paid to plaintiff’s committee until March 24, 1925, on which date' plaintiff escaped from St. Elizabeths Hospital and from the custody and control of his committee. Payments of the award .were thereupon stopped by the Veterans’ Bureau as successor to the Bureau of War Bisk Insurance. Plaintiff’s committee thereafter made diligent but unsuccessful; efforts to locate him. After- the lapse of seven years- plaintiff’s committee applied to the Veterans’ Administration for payment of an adjusted-compensation certificate issued, to plaintiff by the Veterans’ Bureau under the:provisions of the áct'of May. 24, 1924 (43 Stat. 121), as amended, on the-ground that plain *404 tiff was legally presumed to be dead. Tbe Director refused payment of the adjusted-compensation certificate for the reason that plaintiff was alive on March 8, 1931, and had been arrested and released from custody in the State of Texas on that date. Thereafter, on September 1, 1933, and again on November 13, 1933, plaintiff’s committee demanded payment of the award at the rate of $100 per month from April 1925 to March 1931, in the amount of $7,100.00. The demands for payment were denied by the Veterans’ Bureau, hence this suit.
While the point ia not raised by the defendant it is clear that the plaintiff, if otherwise entitled to recover, can only recover such part of the claim as accrued within the six-year period immediately preceding the filing of the original petition on November 23, 1933. The balance of the claim is barred by the statute of limitations.
Section 300 of the act of October 6, 1917, as amended by section 10 of the act of June 25, 1918 (40 Stat. 609), section 10 (a) of the act of December 24, 1919 (41 Stat. 371), and section 18 of the act of August 9, 1921 (42 Stat. 147), provides:
“For death or disability resulting from personal injury suffered or disease contracted in line of duty * * * by any enlisted man * * * the United States shall pay to such * * * enlisted man compensation as hereinafter provided * *
Section 302 of the act of October 6, 1917, as amended, provides a classified schedule of awards payable to an enlisted man for disability. Section 305 of the same act, as amended, provides that:
“Upon its own motion or upon application the Bureau may at any time review an award and, in accordance with'the facts found upon such review, may end, diminish, or increase the compensation previously awarded * *
Section 13 of the act of October 6, 1917, contained the provision:
“That the Director, subject to the general direction of the Secretary of the Treasury, shall administer, execute, and enforce the provisions of this act, and for that purpose have *405 full power and authority to make rules and regulations, not inconsistent with the provisions of this act, necessary or appropriate to carry out its purposes, and shall decide all questions arising under the act, except as otherwise provided in sections five and four hundred and five. * * *”
Section 5 referred to is section 5 of the act of September 2, 1914 (38 Stat. 711), of which the act of October 6, 1917, was an amendment, and provided:
“* * * In the event of disagreement as to the claim for losses, or amount thereof, between the said Bureau and the parties to such contract of insurance, an action on the claim may be brought against the United States in the District Court of the United States * *
Section 405 relates entirely to policies of insurance issued by the United States to oificers and enlisted men under article IY, and reads:
“That in the event of disagreement as to a claim under the contract of insurance between the Bureau and any beneficiary or beneficiaries thereunder, an action on the claim may be brought against the United States in the District Court of the United States in and for the district in which such beneficiaries or any one of them resides.”
The act of October 6, 1917, was amended by the act of August 9, 1921, in several respects, one of which was the establishment of an independent bureau under the President, to be known as the “Veterans’ Bureau”, headed by a Director appointed by the President and confirmed by the Senate. It was provided that all the powers and duties conferred by existing law upon the Bureau of War Risk Insurance be transferred to and made a part of the Veterans’ Bureau. Section 2 of the act provided that:
“The Director, subject to the general direction of the President, shall administer, execute, and enforce the provisions of this act, and for that. purpose shall have full power and authority to make rules and regulations not inconsistent with the provisions of this act, which are necessary or appropriate to carry out its purposes and shall decide all questions arising under this act except as otherwise provided herein.”
*406 We think it is plain from the explicit provisions of the applicable statutes quoted that Congress intended to confer upon the Director of the Bureau of War Risk Insurance and upon his successor, the Director of the Veterans’ Bureau, full and exclusive authority to decide all disputed questions of fact arising' in the administration of the War-Kisk Insurance Act-of ■ October 6, 1917, except5 such as'fall within the exception contained in; section 405, which has no application here, and- to make such decisions final and not subject to judicial review, unless shown to be wholly without evidential- support or wholly dependent upon a question of law of clearly arbitrary or capricious. Silberschein v. United States, 266 U. S. 221; United States v. Williams, 278 U. S. 255.
In Silberschein v. United States, supra, an ex-service man who had been discharged on February 8, 1918, on account of disability, brought suit for compensation upon a claim arising under section'300 of the War Bisk Insurance Act, as amended (the section under which the instant suit is brought). The facts showed that he was at first awarded compensation as for total temporary disability, which was subsequently reduced to twenty percent as for temporary partial disability, and which was finally taken away altogether oh the ground that the disability had ceased to be compensable. Tlie court in deciding that the plaintiff could not maintain suit said:
“The administration of the original act was committed to the Director of the War Insurance Bureau, § 13, c. 105, 40 Stat. 399, and so remained until the creation of the Veterans’ Bureau by the act of August 9,1921, c. 57, 42 Stat. 147, when the authority was devolved upon the Director of that Bureau. The official, in each instance, was directed to administer, execute, and enforce the provisions of the act, with authority to. make rules and regulations not inconsistent therewith necessary or appropriate to carry out its purposes and ‘decide all questions arising under this act’, except as otherwise provided therein. ’ See- § 2 of the 1921 act, 42 Stat. 148.
“An examination of the original act- and the various amendatory acts fails to disclose, so far as this question is concerned, any exception to or limitation upon the author *407 ity of the Director. There is no provision therein expressly granting the right to maintain any suit against the United: States in respect of claims for such compensation. ■ . ■
:U * ' ' * * * * ' ’ *
“The statute which creates the asserted right commits, to the Director of. the Bureau the cluty. and authority, of administering its provisions and deciding all questions arising under it; and in the, light of the prior decisions' of this, court, we must hold' that :his! decision of such'questions is final and conclusive and not subject to judicial Review, -at least unless the decision is' wholly'unsupported by the evidence^ or is. wholly dependent upon a question of law or is seen to be clearly arbitrary or capricious. Bates & Guild Co. v. Payne, 194 U. S. 106, 108-110; Medbury v. United States, 173 U. S. 492, 497-498; Ness v. Fisher, 223 U. S. 683, 691-692; Degge v. Hitchcock, 229 U. S. 162, 171; Int. Com. Comm. v. Union Pacific R. R. Co., 222 U. S. 541, 547; Int. Com. Comm. v. Louis. & Nash. R. R. Co., 227 U. S. 88, 91.”
In United States v. Williams, supra, the court' sustained the judgment of the district court in dismissing the petition in a case brought under the provisions of the Adjusted Compensation Act, c. 157, 43 Stat. 121, as amended. The petition alleged the issue of the certificate, the death of the veteran to whom it was issued,- the interest of his widow, the petitioner, as beneficiary, the filing of proof of her claim with the Director, and the refusal of the Director to malte payment after demand upon him. The court, after a detailed statement of the material provisions of the Adjusted Compensation Act, said
“It is not necessary to go further into particulars. . A review of the entire act and the amendments shows, we think, that all questions relating to -the right of any person to a certificate, the-amount-of it,.etc.-,, and payments1 to be-made, under its terms before or at maturity, are to be determined by the appropriate executive officer as a basis for his action.
* K* # ❖ ❖ sj: ■ # ‘
“ It is evident that when a certificate is presented to the Director by one claiming to, be - the beneficiary. that - officer must, as a necessary prerequisite to the payment, ascertain and determine that the veteran is dead, that the person claiming payment is in fact the beneficiary and any other matter of fact or law which may affect the right of the *408 claimant in any given case. We may assume that the Director performed that duty here. The record does not disclose the basis for his action; hut whatever it may have been, his decision is final, at least unless it be wholly without evidential support or wholly dependent upon a question of law or clearly arbitrary or capricious. Silberschein v. United States, 266 U. S. 221, 225, and cases there cited.”
Section 305 of the act of October 6, 1917, as amended, conferred authority on the Bureau to review an award at any time, and to end or diminish the compensation previously awarded in accordance with the facts found upon such review. The granting of this authority clearly contemplated that review of an award would be made from time to time, and this has been the consistent practice of the Bureau. By reason of the disappearance of the plaintiff in March 1925, it became and was impossible for the Bureau, at any time prior to the bringing of this suit, to review the award of compensation to plaintiff, and determine whether or not the disability on which it was based continued to exist. In view of this fact, as well as other facts disclosed in the record, it cannot be held that the decision of the Director, refusing to pay the award when demands were made upon him by plaintiff’s committee to do so, was arbitrary or capricious, or that his decision was wholly without evidential support, or was wholly dependent upon a question of law. In these circumstances the decision of the Director is final and conclusive and is not subject to review by the court.
Since the case is disposed of upon the grounds stated it becomes unnecessary to determine whether, as the defendant contends, the claim sued upon is a pension within the meaning of the Tucker Act, and as such specifically excluded from the jurisdiction of this court, and we do not decide that question.
The plaintiff is not entitled to recover and the petition is dismissed.
Whaley, Judge; Littletoh, Judge; GeeeN, Judge; and Booth, Chief Justice, concur.