**MELLON v. UNITED STATES.**

No. 6253.

District Court, D. New Jersey.

Feb. 23, 1940.

John W. Griggs, of Hackensack, N. J., and Vincent Aikens, of Fort Lee, N. J., for plaintiff.

John J. Quinn, U. S. Atty., and Charles A. Stanziale, Asst. U. S. Atty., both of Trenton, N. J., and Chester P. Morrissey, Atty., Veterans' Facility, of Lyons, N. J., for defendant.

FAKE, District Judge.

On January 1, 1925, the United States Government issued to Michael Landers an adjusted service certificate #1764455 in the sum of $1,565 payable on January 1, 1945 or upon the death of said Landers prior to said date.

Landers disappeared, and after an absence of upwards of seven years was declared dead by an order of the Surrogate's Court of Bergen County and an administrator of his personal estate was appointed on the 4th day of December, 1937. The administrator made formal application to the Veterans' Administration Bureau for payment of the certificate and payment was refused because prior to the appointment of the administrator, the Director of the Veterans' Administration Bureau had passed upon the unexplained absence of the veteran and refused payment upon the ground that "although the absence of the veteran is in excess of seven years, in view

of the circumstances of his mental condition and the fact that at the time of his disappearance he was afraid that he might be hospitalized if apprehended, his absence is not unexplained."

This suit is founded upon the World War Compensation Act, Chapter 157, 43 Stat. 121, U.S.C., Title 38, sec. 591, et seq., 38 U.S.C.A. § 591 et seq., and the now substituted administratrix instituted this suit upon the theory that the findings of the Administration Bureau were unjustified, arbitrary and capricious, wherefore she seeks to recover the amount of the certificate.

A motion was filed to dismiss the suit upon the ground that this Court is without jurisdiction; that the United States has not consented to be sued upon such a cause of action and the issue is one solely for consideration of the Administrator of Veterans' Affairs.

Section 312(a), 38 U.S.C.A. § 622(a), provides that: "If satisfactory evidence is produced establishing the fact of the continued and unexplained absence of any individual from his home and family for a period of seven years, during which period no intelligence of his existence has been received, the death of such individual as of the date of the expiration of such period shall, for the purposes of this Act [chapter], be considered as sufficiently proved."

Section 310 of the World War Adjusted Compensation Act, as amended, 38 U.S.C.A. § 620, reads as follows: "The decisions of the Secretary of War, the Secretary of the Navy, and the Director [Administrator], on all matters within their respective jurisdictions under the provisions of this Act [chapter] (except the duties vested in them by Title [Part] VII [of this chapter]) shall be final and conclusive."

In the case of United States v. Florence E. Williams, 278 U.S. 255, 49 S.Ct. 97, 73 L.Ed. 314, the United States Supreme Court has disposed of like issues to those here involved. It is there held that the administration of the Adjusted Compensation Act "is committed to the Director of the Bureau", that "Section 310 of the amended act [38 U.S.C.A. § 620], * * * makes it equally clear that their decisions upon these facts are final and conclusive. * * * *" And again, "we are of opinion that exclusive authority is vested in the Director of the Bureau to entertain and pass upon all claims for payment of these

certificates. * * * We may assume that the Director performed that duty here. The record does not disclose the basis for his action; but, whatever it may have been, his decision is final, at least unless it be wholly without evidential support or wholly dependent upon a question of law or clearly arbitrary or capricious. Silberschein v. United States, 266 U.S. 221, 225, 45 S.Ct. 69, 69 L.Ed. 256 [258], and cases there cited."

The foregoing leads to the subject of arbitrary or capricious conduct by the Director and as to this, the United States Supreme Court said in Silberschein v. United States, 266 U.S. 221, 45 S.Ct. 69, 71, 69 L.Ed. 256: "The general allegations of the petition that the Director's decision was arbitrary, unjust and unlawful, and a usurpation of power, are merely legal conclusions. Clearly, the petition does not present a case where the facts are undisputed and the only conclusion properly to be drawn is one favorable to petitioner, or where the law was misconstrued, or where the action of the executive officer was arbitrary or capricious."

The findings of the Director as hereinabove quoted disclose that he had evidence before him and his conclusion thereon was not unlawful or arbitrary or capricious.

The motion to dismiss is granted.