## UNITED STATES v. BROWNLEY.
### No. 463 Civil.

District Court, D. Maryland.
Sept. 24, 1940.

Bernard J. Flynn, U. S. Atty., and G. Randolph Aiken, Asst. U. S. Atty., both of Baltimore, Md.

Edwin H. Brownley, of Baltimore, Md., in proper person.

WILLIAM C. COLEMAN, District Judge.

I conclude that the motion to dismiss must be granted. The case is based upon a claim by the Government against the administrator of the estate of a deceased

resident of Baltimore, to recover part of a Government compensation payment made in 1932 under an adjusted service certificate issued by the World War Veterans' Bureau, which the defendant received by authority of the Orphans' Court, Baltimore, as his commission in distributing the fund, as such administrator. It appears that in 1927 the deceased, for whose estate the defendant acted as administrator, identified a body as that of the veteran who had named the aforementioned deceased as the beneficiary in his adjusted service certificate; that upon such identification, the Health Commissioner of Baltimore certified the death of the veteran, and that upon such certification the Veterans' Administration issued, five years later, its check to the defendant, as administrator of the beneficiary, who had died in 1928. The present claim of the Government is that this payment was made under a mistake of fact, i. e., that the beneficiary had made an erroneous identification of the veteran, in that he was in fact alive until 1935, and so was pre-deceased by the beneficiary, which, if true, it is conceded would bar her estate from any right to payment. There is no claim or suggestion that the deceased beneficiary's conduct in connection with the identification was fraudulent or other than in good faith.

Government counsel has stated that suits similar to this one have been instituted against known distributees of the rest of the Government payment.

The motion to dismiss is based upon two grounds: First, the broad ground that the complaint fails to state a claim against Mr. Brownley, the defendant; and, secondly, that in any event this court has no jurisdiction over this suit as brought, because if the Government has any right of recovery, it must be against the estate of the deceased for whom the present defendant acted as lawfully appointed administrator, and the suit is not brought against him in that capacity but as an individual. However, it becomes unnecessary to consider the latter ground, because the Court is satisfied beyond any doubt that the motion to dismiss must be granted on the broader ground; in other words, that this Court has no jurisdiction to upset a determination of fact made by the Administrator of Veterans' Affairs, if made while performing one of his duly authorized functions, this rule applying whether it is the Government, as in the present case, seeking to modify what the Administrator did, or whether we have the converse, i. e. the veteran or one of his beneficiaries seeking to change the ruling or result of a ruling of the Administrator.

In a motion of this kind, which is in effect a demurrer, the factual statements of the complaint are, of course, admitted. They seem to adequately set forth the material facts, and I will not now repeat them, since the brief summary given above is sufficient.

It is well settled by the case of United States v. Williams, 278 U.S. 255, 49 S.Ct. 97, 73 L.Ed. 314, a decision of the Supreme Court in 1929, that the Director of the Veterans' Bureau had exclusive authority to pass upon all claims for payment of adjusted compensation certificates, and that his decision is final unless wholly without evidential support, or wholly dependent upon a question of law, or clearly arbitrary or capricious. In that decision the Supreme Court was construing the same statutory provision (except the word "Administrator" has been substituted for the word "Director") upon which the defendant in the present case relies in its motion to dismiss, namely, 38 U.S.C.A. § 620, which is as follows: "The decisions of the Secretary of War, the Secretary of the Navy, and the Administrator, on all matters within their respective jurisdictions under the provisions of this chapter (except the duties vested in them by Part VII of this chapter) shall be final and conclusive." Part VII embraces miscellaneous provisions which have no relation to the present controversy. Upon the consolidation and coordination of governmental activities affecting war veterans by the establishment, in 1930, of the Veterans' Administration, the Administrator of Veterans' Affairs succeeded the Director of the Veterans' Bureau, and the latter's functions, powers and duties, under the statute hereinafter referred to, were vested in the Administrator. 38 U.S.C.A. § 11a.

In the Williams case the Court has this to say (278 U.S. page 257, 49 S.Ct. page 98, 73 L.Ed. 314): "Under the provisions of the act, and in the light of the section just quoted, we are of opinion that exclusive authority is vested in the Director of the Bureau to entertain and pass upon all claims for payment of these certificates. It is evident that, when a certificate is presented to the Director by one claiming to be the beneficiary, that officer must, as

a necessary prerequisite to the payment, ascertain and determine that the veteran is dead, that the person claiming payment is in fact the beneficiary, and any other matter of fact or law which may affect the right of the claimant in any given case. We may assume that the Director performed that duty here. The record does not disclose the basis for his action; but, whatever it may have been, his decision is final, at least unless it be wholly without evidential support or wholly dependent upon a question of law or clearly arbitrary or capricious. Silberschein v. United States, 266 U.S. 221, 225, 45 S.Ct. 69, 69 L.Ed. 256, and cases there cited."

Turning, then, to the question as to whether in the present case the Administrator had the right to do what he did, namely, certify as to the death of the alleged holder of the certificate, the law, 38 U.S.C.A. § 613 (b), clothed him with the following authority, after prescribing what an applicant shall do, and what he shall certify to, in connection with his application: "Upon receipt of such certificate the director shall proceed to extend to the veteran the benefits provided for in Part IV or V of this chapter."

Then, if we turn to part V, which is the one pertinent to the present controversy, we find the following codified as Section 641 of Title 38: "The veteran shall name the beneficiary of the certificate and may from time to time, with the approval of the director, change such beneficiary. The amount of the face value of the certificate * * * shall be payable out of the fund created by section 645 of this title (1) to the veteran twenty years after the date of the certificate, or (2) upon the death of the veteran prior to the expiration of such twenty-year period, to the beneficiary named; except that if such beneficiary dies before the veteran and no new beneficiary is named, or if the beneficiary in the first instance has not yet been named, the amount of the face value of the certificate shall be paid to the estate of the veteran." Then follows a provision covering deaths prior to the time with which we are here concerned.

So it must follow from the above provisions applied to the facts in the present case, that the Administrator was acting entirely within the scope of his authority in making the decision that he did, relative to the supposed death of the veteran. It is, of course, not necessary for this Court to attempt to determine, or even to discuss, whether he was right or wrong. We may assume that he made a glaring error in the first instance and so assuming, without deciding, the rule seems to be clear that, nevertheless, the Government is bound by his action, as long as that error, even though glaring, was his act, unless, as the Supreme Court says, it was "clearly arbitrary or capricious." Any other rule would be inequitable—would keep all those receiving payments of this kind from the Government forever in a state of uncertainty as to when they might be called upon to turn back what they had received and perhaps long ago disbursed. Indeed, on the Government's theory, the very claim asserted today might be abandoned tomorrow, only to be re-asserted the next day. There must be finality in such decisions by Government officials if there is to be good faith in the conduct of the Government. Apparently, the Government took a vast amount of pains to try to check up on this whole question, so there can be no reasonable ground for saying that the Administrator was acting outside of the scope of his authority, or that he was acting in an arbitrary or capricious manner; and there is no fraud or other improper conduct alleged on the part of the deceased beneficiary.

The Court has been referred to the case of United States v. Bentley, D.C., 27 F. Supp. 420. Suffice it to say that case involves facts of the other kind; namely, where the administrative officer had acted entirely outside the scope of his expressly delegated authority; and to quote the following from the opinion (27 F.Supp. page 421): "It will be noted that Section 620 regarding finality of decisions relates to decisions on matters 'within the respective jurisdictions' of the various officials. This means conclusions based upon facts as to which the officers were free to exercise their judgment. Under the facts here no such discretion was left to the Secretary of War. He was not free to act according to his judgment in certifying adjusted service credit, but was limited to the direction of the statute. He committed no error of judgment in making the certification. He over-looked, undoubtedly through inadvertence, the unequivocal provision of the statute denying the defendant the right to credit for time spent under a provisional commission." This quotation sufficiently sets forth the distinction between the Bentley case and the present one.

926

In conformity with the decision here reached, is the most recent case to which the Court has been referred, Mellon v. United States, 31 F.Supp. 649, a decision of last February of the District Court in New Jersey. See. also Lynch v. United States, 292 U.S. 571, 587, 54 S.Ct. 840, 78 L.Ed. 1434.

For the reasons given an order will be signed granting the motion to dismiss, and dismissing the action.