Madden, Judge,
dissenting:
I think this court does not have jurisdiction to decide the questions here involved. As to the claim of compensation for disability, which accounts for $936.84 of the total claim, section 11 of the act of October 17, 1940, 54 Stat. 1197, as *293 amended, 38 U. S. C. 11 a-2, uses the broadest possible language to give finality to the decisions of the Administrator of Veterans’ Affairs. It says:
Notwithstanding any other provisions of law, except as provided in Section 445 of this Title, as amended, and in Section 817 of this Title, the decisions of the Administrator of Veterans’ Affairs on any question of law or fact concerning a claim for benefits or payments under any Act administered by the Veterans’ Administration shall be final and conclusive and no other official or any court of the United States shall have power or jurisdiction to review any such decisions.
The comparable sections prior to 1933 had not specifically denied any jurisdiction to the courts to review the Administrator’s decisions, and the Supreme Court of the United States, in Silberschein v. United States, 266 U. S. 221, 225, had said that there might be such review in cases where the Administrator’s decision was contrary to law, or not supported by evidence, or capricious. Section 5 of the act of March 20, 1933, 48 Stat. 9, 38 U. S. C. 705, specifically provided that “no other official or court of the United States shall have jurisdiction to review by mandamus or otherwise any such decision.” The Supreme Court said, in Lynch v. United States, 292 U. S. 571, 587, that the purpose of this language “appears to have been to remove the possibility of judicial relief in that class of cases even under the special circumstances suggested in * * * Silberschein v. United States * * *.”
In 1939 the Court of Appeals for the District of Columbia decided the case of Hines, Adm'r. v. United States ex rel, Marsh, 105 F. (2d) 85, adversely to the Administrator, on the ground that his decision there under review did not fall within those titles of the Veterans’'Act as to which his decisions had been made final. The act of 1940, quoted above, followed, and the court which decided the Marsh case held, in Van Horne v. Hines, Admr., 122 F. (2d) 207, 208, that that act “clearly was intended to stop up the gaps created by that [the Marsh] decision.”
I recount this history to show the settled policy of Congress to deal with the question of gratuities to veterans by legislation and administrative action, and to keep them out of *294 the courts. The Administrator could, with impunity, deny payments of compensation to a veteran for no reason at all. If so, I think he can deny payments because, in his view, the payments should be diverted to the liquidation of a fine which stands against the veteran.
As to the $402.50 of the plaintiff’s claim which consists of payments allegedly .due him under a War Risk Insurance policy on the life of his brother, the applicable statutes do not make the Administrator’s action final. Section 445 of 38 U. S. C., which section is referred to as an exception to the provisions of section 11 a-2, quoted at the beginning of this opinion, provides:
In the event of disagreement as to claim * * * under a contract of insurance between the Veterans’ Administration and any person or persons claiming thereunder an action on the claim may be brought against the United States either in the district court of the United States for the District of Columbia or in the district court of the United States in and for the district in which such persons or any one of them resides, and jurisdiction is hereby conferred upon such courts to hear and determine all such controversies.
I think this language is plain, and that it furnishes an adequate remedy which' our assumption of jurisdiction will merely duplicate. A refusal to pay insurance because of an asserted set-off is, I think, a “disagreement as to [a] claim * * * under a contract of insurance,” and therefore falls within the language of section 445.
Jones, Judge, took no part in the decision of this case.