**SIEGEL v. UNITED STATES et al.**

Civ. No. 9751.

United States District Court
E. D. New York.
Nov. 14, 1951.

Sidney O. Raphael, New York City, for plaintiff (opposed).

Frank J. Parker, U. S. Atty., Brooklyn, N. Y., for defendants (for motion).

BYERS, District Judge.

This is a defendants' motion to dismiss, similar in scope and purpose to that decided by Judge Galston, and reported in D.C., 87 F.Supp. 555.

Since an amended complaint was filed as permitted by that decision, it is necessary to ascertain in what respects new averments have taken the place of those previously before the Court, concerning which it was said: "The difficulty is that as the complaint is framed the language really sets forth only conclusions of law, and not facts which support the conclusions, see Silberschein v. United States, 266 U.S. 221, 45 S.Ct. 69, 69 L.Ed. 256."

The foregoing has to do with the allegation of arbitrary and capricious action by the Veterans Bureau in rejecting the plaintiff's claim for compensation for the period between April 21, 1945, and June 5, 1947.

The gist of the plaintiff's claim for relief according to paragraphs 5 and 6 is that she applied to the Veterans Administration for compensation under Title 38 U.S.C.A. § 472(f)(4) and "upon the filing of her petition, was advised by a contact representative (whatever that may be), or agent, of the Veterans Administration assigned by it to instruct and counsel widows, that plaintiff was not entitled to widow's death compensation by reason of the provisions of 38 U.S.C.A. § 503(c), which provides that payment of compensation shall not be made to any widow without child whose annual income exceeds $1,000."

It is subsequently alleged that in reliance thereon, the plaintiff did not file evidence of her marriage to her deceased husband in time to receive the compensation for the period noted, but did so later, and from that time forward was paid the proper amount.

The said advice is characterized as improper and incorrect, and perhaps this is sufficient to allege obliquely that the advice as quoted in paragraph 6 was erroneous as a matter of fact.

It would be important to the plaintiff's case, I should suppose, if she were to plead so clearly and unmistakably as to admit of no argument to the contrary, that she is here seeking to be relieved from a mistake of fact, i. e., the existence of a law which would bar her compensation if she were earning $1,000 per year at the time she made her application; and that such mistake of fact was based upon a statement made to her by an authorized representative of the Veterans Administration.

As I read Judge Galston's opinion, he is of the view that the finality which is proclaimed for the decisions of the Administrator, 87 F.Supp., second column, at page 557 et seq., was not intended to seal off from judicial inquiry any such result as in a given case might be shown to proceed from a mistake of fact as to the existence or non-existence of a given statute. Only the most extreme advocate of administrative infallibility would argue to the contrary.

It may be that the plaintiff would be unable to prove her case for paucity of evidence, but it is another thing to say that she should be foreclosed of her day in Court on such an issue.

If the careful opinion of Judge Galston has been correctly understood, she should

be given her chance to amend her pleading so as to portray factually a claim for relief that the Court could sustain; it seems that the complaint as amended is not so clear in that respect as to accomplish her probable purpose, and hence the Government's motion must be granted, with leave to the plaintiff to file a second amended complaint if she be so advised.

Settle order.