## FORBES, Director of Veterans' Bureau, v. WELCH.

(Court of Appeals of District of Columbia. Decided February 5, 1923.)

No. 3883.

1. **Army and navy ⬅51½, New, vol. 12A Key-No. Series—Director of Veterans' Bureau has broad discretion under War Risk Insurance Act.**

Under War Risk Insurance Act, § 13, as added by Act Oct. 6, 1917, § 2, and amended by Act May 20, 1918, § 1 (Comp. St. 1918, Comp. St. Ann. Supp. 1919, § 514kk), which gives the Director of the Veterans' Bureau authority to administer and enforce the act, to make rules and regulations to carry out its purposes, and to decide all questions arising under the act, except as provided in section 5 (section 514e) and section 305, as amended by Act Aug. 9, 1921, § 19, giving him authority to reverse an award, and increase, diminish or end the compensation awarded the Director of the Veterans' bureau is given broad power and discretion.

2. **Army and navy ⬅51½, New, vol. 12A Key-No. Series—Director of Veterans' Bureau has discretion to determine lunacy did not cause total disability.**

Since the War Risk Insurance Act, as amended, gives the Director of the Veterans' Bureau broad discretion in deciding whether an applicant for compensation is totally disabled, and section 302, par. 3, of the act (as amended by Act Dec. 24, 1919, § 11), states certain injuries which are deemed to constitute total permanent disability not including lunacy, extent of disability arising from lunacy is subject to the determination of the Director, and his decision that such lunacy does not cause total disability cannot be reviewed in mandamus proceedings.

⬅For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

**3. Insane persons ☞26—Adjudication of lunacy is not binding on Director of Veterans' Bureau.**

An adjudication of lunacy is not binding and conclusive on the Director of the Veterans' Bureau in determining the disability of an applicant for compensation who had been adjudged insane and placed under guardianship.

**4. Army and navy ☞51½, New, vol. 12A Key-No. Series—Adjudication of insanity is strong evidence of total disability.**

An adjudication that a discharged veteran was insane and placing him under guardianship, thereby restraining him from pursuing any gainful occupation, is evidence of total disability, which renders it difficult to understand how the Director of the Veterans' Bureau could justly find against total disability; but the Director's finding of partial disability notwithstanding such evidence cannot be reviewed in mandamus proceedings.

Appeal from the Supreme Court of the District of Columbia.

Petition by Magdalene Welch, as committee of Jack Floyd Welch, lunatic, for writ of mandamus to compel Charles R. Forbes, Director of the Veterans' Bureau, to rate petitioner's ward as totally and permanently disabled. From an order directing that the writ issue as prayed for, defendant appeals. Reversed and remanded, with instructions to dismiss the petition.

Peyton Gordon and Vernon E. West, both of Washington, D. C., for appellant.

R. H. McNeill, of Washington, D. C., for appellee.

Before VAN ORSDEL, Associate Justice, and MARTIN and SMITH, Judges of the United States Court of Customs Appeals.

VAN ORSDEL, Associate Justice. Appellee petitioned the Supreme Court of the District of Columbia for a writ of mandamus to compel appellant, the Director of the Veterans' Bureau, to rate Jack Floyd Welch, petitioner's husband and ward, as totally and permanently disabled, to enter or fill any gainful occupation, and for allowance of compensation under the provisions of the War Risk Insurance Act, 40 Stat. 398, as amended.

The petition sets forth that on February 18, 1921, Welch was adjudged a lunatic, and petitioner was appointed committee of his person and estate; that petitioner repeatedly requested defendant to rate her ward as fully disabled from the performance of any gainful occupation, because of his having been adjudged a lunatic, and because of his total disability to earn any compensation from which he or petitioner could be supported; that defendant refused petitioner's application for a rating and allowance for total disability, and by acting upon the reports of physicians and others held that petitioner's ward was only entitled to a rating of partial disability. Petitioner further alleged that defendant has failed and now fails to review the rating of compensation granted to petitioner's ward, and wrongfully and unlawfully disregards petitioner's application for such review.

Defendant answered, admitting that Welch had been adjudged a lunatic, and that the Veterans' Bureau has recognized said adjudica-

tion and is paying petitioner upon a rating of partial disability, denying, however, that he has refused to review the rate of compensation granted·petitioner's ward, and denying that the rating of total disability is the only correct rating for a person who has been adjudged a lunatic. Defendant, further answering, sets out examinations which had been made by physicians of the condition of petitioner's ward, resulting in a finding of temporary partial disability of 55 per cent., and that compensation has been awarded plaintiff upon that basis. ·

Petitioner demurred to defendant's answer, and the court sustained the demurrer. Defendant elected to stand upon his answer, and the court entered an order directing that the writ of mandamus as prayed for in the petition issue. From the final order this appeal was taken.

[1] The single question involved is whether or not mandamus will lie to control the discretion of the Director of the Veterans' Bureau and compel the finding of total disability. The act confers upon the Director broad power. Section·13 of the act, as amended by the Act of Congress of May 20, 1918, 40 Stat. 555 (Comp. St. 1918, Comp. St. Ann. Supp. 1919, § 514kk), provides:

"That the Director [of the Bureau of War Risk Insurance], subject to the general direction of the Secretary of the Treasury, shall administer, execute, and enforce the provisions of this act, and for that purpose have full power and authority to make rules and regulations not inconsistent with the provisions of this act, necessary or appropriate to carry out its purposes, and shall decide all questions arising under the act, except as otherwise provided in section five."

Section 5 (section 514e) has no application to the present case.

Section 305 of the War Risk Insurance Act, as amended by Act of August 9, 1921, 42 Stat. 147, 154, provides as follows:

"Upon its own motion or upon application the Bureau may at any time review an award, and, in accordance with the facts found upon such review, may end, diminish, or increase the compensation previously awarded, or, if compensation is increased or, if compensation has been refused, reduced or discontinued, may award compensation in proportion to the degree of disability sustained as of the date such degree of disability began, but not earlier than the date of discharge or resignation."

[2] It may be observed that the Director is accorded wide jurisdiction in determining the question of disability, excepting as provided in paragraph 3 of section 302 of the act (41 Stat. 373), where "the loss of both feet, or both hands, or the sight of both eyes, or the loss of one foot and one hand, or one foot and the sight of one eye, or one hand and the sight of one eye, or becoming helpless and permanently bedridden," are deemed to constitute total permanent disability. Lunacy, however, is nowhere defined in the act as constituting permanent disability. The extent of disability arising therefrom is, therefore, subject to the determination of the Director. The Director having decided, his decision cannot be reviewed in this proceeding. Nor can we say that the Director acted arbitrarily, since the decision is based upon evidence adduced in a matter left by law to his discretion. This case is closely analogous to United States ex rel. Dunlap v. Black, 128 U. S. 40, 9 Sup. Ct. 12, 32 L. Ed. 354, where it was sought by mandamus

to compel the Commissioner of Pensions to grant Dunlap an increase of pension provided by act of Congress. The Commissioner refused to grant the increase upon a question of law, and the court, holding that his decision could not be reviewed by mandamus, said:

"The Commissioner of Pensions did not refuse to act or decide. He did act and decide. He adopted an interpretation of the law adverse to relator, and his decision was confirmed by the Secretary of the Interior, as evidenced by his signature of the certificate. Whether, if the law were properly before us for consideration, we should be of the same opinion, or of a different opinion, is of no consequence in the decision of this case. We have no appellate power over the Commissioner, and no right to review his decision. That decision and his action taken thereon were made and done in the exercise of his official functions. They were by no means merely ministerial acts."

[3] We are not impressed by the contention that the adjudication of lunacy is binding and conclusive upon the Director. The issue of the extent of Welch's disability or the consideration or interpretation of the present act, was not before the court. The decree of lunacy, however, "is prima facie evidence of the actual insanity of the person thereby placed under guardianship, and establishes a status of that individual which is notice of the incapacity of the ward to all the world. Leggate v. Clark, 111 Mass. 308. It does not establish as against strangers or as between a party, or privy, and a stranger the form of the insanity of the ward, its transmissible character, or any evidentiary fact upon which the ultimate adjudicated fact is grounded." Boston Safe Deposit & Trust Co. v. Bacon, 229 Mass. 585, 589, 118 N. E. 906, 908.

[4] The decree, however, has evidential bearing upon the question of total disability. It is a dominant fact, too important to be totally ignored. By virtue of the decree the ward is restrained from pursuing any gainful occupation. His disability, regardless of the degree of insanity, or mental or physical disqualification, is complete. It is therefore difficult to understand just how, in the face of the adjudication of lunacy, the Director could justly find other than total disability. The case appears to be one demanding the closest scrutiny and investigation, in order that the petitioner may not be deprived of her rights. We are powerless, however, in this proceeding to review the decision of the Director, or to compel such an investigation.

The judgment is reversed, with costs, and the cause is remanded, with instructions to dismiss the petition.