HINES, Director of United States Veterans' Bureau, v. STARNES.

Court of Appeals of District of Columbia.

Submitted April 3, 1928. Decided June 4, 1928.

No. 4702.

1. Mandamus ⬤⟲73(1)—Decision of Director of Veterans' Bureau as to disability because of mental condition cannot ordinarily be controlled by mandamus (World War Veterans Act [38 USCA § 421 et seq.]).

Decision of Director of United States Veterans' Bureau relative to extent of disability arising from mental condition within meaning of World War Veterans Act (38 USCA § 421 et seq.) *held* not subject to control by mandamus, unless wholly unsupported by evidence, or dependent on question of law, or clearly arbitrary or capricious.

2. Judgment ⬤⟲828(3)—State court decision that veteran was disabled, within war risk policy, held not res judicata in mandamus to require disability rating (World War Veterans Act [38 USCA § 421 et seq.]).

Decision of state court that war veteran was totally and permanently disabled, within war risk insurance policy, *held* not res judicata in mandamus proceeding to require rating of total disability within meaning of World War Veterans Act (38 USCA § 421 et seq.).

Appeal from the Supreme Court of the District of Columbia.

Mandamus by J. H. Starnes, committee of the estate and person of Charlie Joe Starnes, against Frank T. Hines, Director of the United States Veterans' Bureau. Judgment granting the writ, and respondent appeals. Reversed and remanded.

Peyton Gordon, L. A. Rover, and Jas. T. Brady, all of Washington, D. C., for appellant.

R. H. McNeill and J. W. Maher, both of Washington, D. C., for appellee.

Before ROBB and VAN ORSDEL, Associate Justices, and SMITH, Judge of the United States Court of Customs Appeals.

VAN ORSDEL, Associate Justice. This appeal is from an order of the Supreme Court of the District of Columbia, directing that a writ of mandamus issue against Gen. Frank T. Hines, as Director of the United States Veterans' Bureau, requiring him "to rate Charlie Joe Starnes as one permanently and totally disabled, within the meaning of the World War Veterans Act (38 USCA § 421 et seq.), for the purpose of compensation, and as having been permanently and totally disabled, for the purpose of compensation from the 22d day of June, 1918, to the 13th day of April, 1927."

It appears that Starnes enlisted on second enlistment in the United States Navy as a seaman of the second class in January, 1918, from which service he was honorably discharged on a surgeon's certificate of disability on the 22d of June, 1918. At the time of enlistment he was found to be in sound condition, both physically and mentally. His discharge was on the recommendation of the Board of Medical Survey of the Navy Department, on the ground that he was unfit for service on account of his mental condition. The Board of Survey, however, held that his condition was not incur-

red in line of duty. This decision was reversed by the Judge Advocate General of the Navy, who held that his mental condition was incurred in line of duty.

It appears that thereafter, on various occasions, Starnes was examined by the Director and Assistant Director of the Veterans' Bureau, in which it was found that the mental disease or ailment from which he suffers was incurred in the line of duty. During this time, on December 2, 1924, appellee, as guardian, brought suit in the United States District Court for the Eastern District of Texas against the United States on Starnes' war risk insurance contract. This action was based upon the ground that Starnes had become 'permanently and totally disabled from following a gainful occupation while in the service of the United States Navy, and accordingly was entitled to the benefits of his war risk insurance policy. This suit resulted in a judgment in favor of the plaintiff for the aggregate amount of the monthly insurance installments of $57.50 per month.

It further appears that on February 26, 1927, Starnes was given a hearing by the Bureau, at which he appeared in person, and, after considering the evidence, the Bureau denied the claim of appellee to compensation under the Veterans' Bureau Act. An examination was then ordered by a board of five psychiatrists, who rendered an opinion holding that Starnes was a constitutional psychopath, without psychosis, and that there was no evidence that he had any organic disease. Appellant again directed a review to be made of Starnes' case, which resulted in the approval of the findings of the board of psychiatrists, in which it was held that Starnes' condition was not incurred, increased, or aggravated in the naval service. It was accordingly adjudged by the Bureau that he was not entitled to compensation.

[1] We think this case is controlled by our decision in the case of Forbes v. Welsh, 52 App. D. C. 303, 286 F. 765, wherein it was held that under section 305 of the War Risk Insurance Act, as amended by the Act of August 9, 1921, 42 Stat. 147, 154 (Comp. St. § 514rrr), the discretion accorded the Director in determining questions of disability, except as provided in paragraph 3 of section 302 of the act, as amended by 41 Stat. 373 (Comp. St. § 514r), is not subject to control by mandamus.

Since our decision in the Welsh Case, the Supreme Court, in Silberschein v. United States, 266 U. S. 221, 45 S. Ct. 69, 69 L. Ed. 256, has considered the question of the jurisdiction of courts by mandamus to enforce payment of claims for compensation against the United States under the World War Veterans Act. The court in that case, among other things, said:

"The statute which creates the asserted right, commits to the Director of the Bureau the duty and authority of administering its provisions and deciding all questions arising under it; and in the light of the prior decisions of this court, we must hold that his decision of such questions is final and conclusive and not subject to judicial review, at least unless the decision is wholly unsupported by the evidence, or is wholly dependent upon a question of law or is seen to be clearly arbitrary or capricious."

[2] Neither is the decision of the Texas court res adjudicata in this proceeding, since the issue there was based upon a contract of insurance, while here the right to compensation under the statute is reposed solely in the discretion of the Director, which, in the absence of the exceptions named in the Silberschein decision, is beyond the reach of the courts by extraordinary process.

The judgment is reversed, with costs, and the cause is remanded for further proceedings.