**KALASANCKAS v. HINES, Director of United States Veterans' Bureau.**
No. 5045.

Court of Appeals of District of Columbia.
Argued Jan. 7, 1930.
Decided Feb. 4, 1930.

Hallock P. Long and Daniel L. Grantham, both of Washington, D. C., for appellant.

Leo A. Rover and J. T. Brady, both of Washington, D. C., for appellee.

Before MARTIN, Chief Justice, and ROBB and VAN ORSDEL, Associate Justices.

VAN ORSDEL, Associate Justice.

This appeal is from a judgment of the Supreme Court of the District of Columbia denying appellant a writ of mandamus to compel the Director of the United States Veterans' Bureau to award him compensation for total disabilities alleged to result from the "permanent loss of the use of both feet," as provided in paragraph (3) of section 202, of the World War Veterans' Act of 1924, 43 Stat. 618 (38 USCA § 473).

It appears that there was issued to appellant a policy of war risk insurance in the amount of $10,000, payable upon his death or total permanent disability. The Veterans' Bureau ruled that the policy had matured because of appellant's total permanent disability, on April 20, 1918, and paid him disability benefits thereunder until December 19, 1921, refunding to him all premiums collected thereunder since the date of its maturity. Thereafter the Veterans' Bureau discontinued the payment of disability benefits and required appellant to reinstate his war risk insurance policy, and later to convert it into a government life insurance policy, deducting amounts due as premiums monthly

from his compensation up to and including the month of April, 1929.

Appellant, failing to get relief from this ruling in the Bureau, filed suit in the Supreme Court of the District of Columbia on the original war risk insurance policy, claiming that it had matured on April 20, 1918, by reason of the loss of the use of both feet. Issue was joined thereon, and the court entered a special finding to the effect that plaintiff had suffered the loss of the use of both feet on April 20, 1918, which, under the statute, constituted total permanent disability. A judgment was thereupon entered on February 4, 1929, for all disability benefits due under the original policy not theretofore paid, and for all premiums collected since the date of the maturity of said policy not theretofore refunded. Appellee Director, in compliance with the judgment, paid the disability benefits thereunder, but refused to refund to appellant the amounts deducted as premiums, and continued to deduct these amounts from the amount allowed appellant as compensation up until the filing of the petition in the present case. This case therefore grows out of the failure of the Bureau to rerate appellant for compensation in compliance with the judgment of the court.

█ The case is resolved to the question of whether or not the finding of fact by the Supreme Court of the District to the effect that appellant has injuries which constitute "the permanent loss of the use of both feet from and after the 20th day of April, 1918," is res adjudicata and conclusive upon the Director in the determination of the issues of fact arising in a claim by the plaintiff for compensation under the War Veterans' Act of 1924.

We are of opinion that the findings of fact made by the court, however persuasive, are not conclusively binding upon the Director in the matter of rerating for compensation. Section 205 of the Act (38 USCA § 494) provides that the Bureau, on its own motion, "may at any time review an award and, in accordance with the facts found upon such review, may end, diminish, or increase the compensation previously awarded." Authority is given the Bureau under paragraph (4), § 202, of the Act (38 USCA § 477), to establish a "schedule of ratings of reductions in earning capacity from injuries or combinations of injuries shall be adopted and applied by the bureau," under which ratings may be as high as 100 per

cent. "The ratings shall be based, as far as practicable, upon the average impairments of earning capacity resulting from such injuries in civil occupations." The Bureau, in finally adjudicating appellant's case, rated his disability at 70 per cent., and fixed his compensation accordingly. Section 5 of the Act (38 USCA § 426) provides that the decision reached in a case of this sort by the Bureau on questions of fact shall be conclusive.

While it is true that the trial court found as a fact that plaintiff had suffered the loss of the use of both feet, the court was there determining an insurance case arising under a different article of the statute from the case here under consideration; and the question before the court was whether or not plaintiff was permanently and totally disabled, either by the loss of the use of his feet or for any other reason, at a time when his insurance contract was in force. The Director here is exercising his discretion and judgment in rating for compensation purposes a rating based upon plaintiff's individual impairment in earning capacity. The Director may well have found that, though there is a substantial loss of the use of both feet, plaintiff still possesses considerable earning capacity, which could be taken into consideration in determining the percentage of incapacity.

In Silberschein v. United States, 266 U. S. 221, 45 S. Ct. 69, 71, 69 L. Ed. 256, the court, in respect of the binding effect of a finding by a tribunal outside of the Veterans' Bureau, said: "These are all matters bearing, at most, upon the soundness of the Director's determination upon a matter properly submitted to his judgment, and fall far short of establishing its arbitrary character." In other words, the finding of the court in the present case does not reduce the discretionary power of the Director, in fixing compensation, to a mere ministerial duty."

█ From this review of the provisions of the act it is apparent that the judgment of the court in the insurance case is not conclusive or res adjudicata upon the Bureau in establishing a rerating for compensation purposes. The findings of the Bureau are not made final and conclusive under the statute, but are subject to review and change by the Bureau "on its own motion," whenever the Director may deem it advisable. It follows that the broad discretionary power thus conferred cannot be controlled by mandamus.

The judgment is affirmed, with costs.