**HINES, Director of United States Veterans' Bureau et al. v. UNITED STATES ex rel. CAVANAGH.**

No. 5035.

Court of Appeals of District of Columbia.

Argued Jan. 7, 1930.

Reargued Feb. 3, 1930.
Decided March 3, 1930.

Leo A. Rover and W. W. Smith, both of Washington, D. C., for appellants.

E. S. Bailey and S. T. Ansell, both of Washington, D. C., for appellee.

R. L. Golze and O. R. McGuire, both of Washington, D. C., amicus curiæ, for Comptroller General.

Before MARTIN, Chief Justice, and ROBB and VAN ORSDEL, Associate Justices.

ROBB, Associate Justice.

Appeal from a judgment in the Supreme Court of the district in a mandamus proceeding directing appellants to place appellee, as of May 31, 1928, upon and continue him on the emergency officers' retired list of the Army (Act of May 24, 1928, 45 Stat. 735 [38 USCA § 581 et seq.]), and to cause him to be paid from May 31, 1928, the date of his application, retired pay at the rate of 75 per centum of the pay to which he was entitled at the time of his discharge from his commissioned service.

The case was heard on the pleadings. The facts are not in dispute. On August 28,

1923, Cavanagh was retired after thirty years of service as an enlisted man of the Regular Army, and from June 6, 1924, up to the time of filing his petition, was receiving the monthly pay provided by law for retired enlisted men (43 Stat. 470, 472 [10 USCA § 981]). On August 15, 1917, while an enlisted man in the Regular Army, Cavanagh was commissioned a captain of the National (emergency) Army, and served with that rank during the World War and until April 6, 1922, when he was honorably discharged. During his commissioned service, he incurred in the line of duty, and resulting directly from his World War service, physical disability, which permanently disabled him to a degree of not less than 30 per cent. Upon the passage of the Act of May 24, 1928 (45 Stat. 735), Cavanagh applied to the United States Veterans' Bureau for retired pay, and other benefits under that Act. The Bureau finally found and rated him as permanently disabled, placed him on the emergency officers' retired list, certified his name to the Secretary of War for publication in the annual army register on the emergency officers' retired list, and awarded him retirement pay at the rate of 75 per centum of the pay to which he was entitled at the time of his discharge from his commissioned service. A voucher carrying out the award was prepared and, so far as disclosed by the record, on his own initiative forwarded by the disbursing officer of the Bureau to the General Accounting Office "pursuant to section 74, title 31, United States Code, for an advance decision as to whether or not said voucher should be paid." The Director of the Bureau contends that he has no further control of the matter, or, as stated in his brief, "the question presented is whether the respondent (the Director) has taken all the action required of him under the statute on the facts presented, or whether, as the order of the Trial Court requires, the respondent must make actual payment to the petitioner."

The Emergency Officers' Retirement Act of May 24, 1928 (45 Stat. 735 [38 USCA § 581 et seq.]), provides: "That *all persons* who have served as officers of the Army, Navy, or Marine Corps of the United States during the World War, other than as officers of the Regular Army, Navy, or Marine Corps who during such service have incurred physical disability in line of duty, and who have been, or may hereafter, within one year, be, rated in accordance with law at not less than 30 per centum permanent disability *by the United States Veterans' Bureau* for disability resulting directly *from* such war service, *shall*, from date of receipt of application by the Director of the United States Veterans' Bureau, be placed upon, and thereafter continued on, separate retired lists, hereby created as part of the Army, Navy, and Marine Corps of the United States, to be known as the emergency officers' retired list of the Army, Navy, or Marine Corps of the United States, respectively, with the rank held by them when discharged from their commissioned service, * * * *and shall receive* from date of receipt of their application retired pay at the rate of 75 per centum of the pay to which they were entitled at the time of their discharge from their commissioned service, except pay under the Act of May 18, 1920: *Provided,* That all pay and allowances to which such persons or officers may be entitled under the provisions of this law *shall be paid solely out of the military and naval compensation appropriation fund of the United States Veterans' Bureau,* and shall be in lieu of all disability compensation benefits to such officers or persons provided in the World War Veterans' Act, 1924, and amendments thereto, except as otherwise authorized herein, and except as provided by the Act of December 18, 1922. * * * *"* (Italics ours.)

The Act of May 24, 1928 (45 Stat. 735), here involved, expresses the will of Congress in unambiguous terms. It includes within its scope "all persons who have served as officers of the Army, Navy, or Marine Corps of the United States during the World War" (with certain exceptions not material here), who have been or within a year may be rated at not less than 30 per centum permanent disability "by the United States Veterans' Bureau for disability resulting directly from such war service." All such persons "shall, from date of receipt of application by the Director of the United States Veterans' Bureau," be placed upon and continued on separate retired lists "to be known as the emergency officers' retired list of the Army, Navy, or Marine Corps of the United States * * * and shall receive from date of receipt of their application retired pay at the rate of 75 per centum of the pay to which they were entitled at the time of their discharge from their commissioned service," with one exception not material here. All pay and allowances to which such persons or officers may be entitled under the provisions of this law "shall be paid solely out of the military and naval compensation appropriation fund of the United States Veterans' Bureau."

The United States Veterans' Bureau, under which this act is to be administered, has found that Cavanagh was an officer of the emergency army during the World War;

that he was permanently disabled in line of duty to a degree of not less than 30 per cent; has placed him upon and continued him on the emergency officers' retired list of the Army; has awarded him retirement pay, as provided in the act, and actually issued a voucher carrying out the award. The only reason, so far as the Director is concerned, why actual payment has not been made is that the Director's Bureau disbursing officer has communicated with the General Accounting Office "for an advance decision as to whether or not said voucher should be paid." In other words, having found every fact necessary to entitle this retired officer to the retired pay provided for by Congress, actual payment is withheld by a subordinate.

In the Act of June 7, 1924 (43 Stat. 607 [38 USCA § 421 et seq.]), to consolidate, codify, revise, and re-enact the laws affecting the establishment of the United States Veterans' Bureau, etc., the Director of the Bureau is clothed with broad powers. It is very evident from an examination of that act that Congress was dealing with World War veterans in a spirit of consideration and liberality. In section 5 (38 USCA § 426), of the act, the Director, subject to the direction of the President, is to administer, execute, and enforce the provisions of the act, and is clothed with full power and authority to make rules and regulations, "and shall decide all questions arising under this chapter. * * * All officers and employees of the bureau shall perform such duties as may be assigned them by the director. All official acts performed by such officers or employees specially designated therefor by the director shall have the same force and effect as, though performed by the director in person." Section 14 (38 USCA § 428), requires the Director to file annually with Congress "a full and itemized statement of all moneys received and disbursed by the director, or any of his agents, for the preceding year."

The Act of 1928, therefore, was a continuation of the policy of Congress to intrust to the Veterans' Bureau the administration of measures for the relief of World War veterans, and to clothe the Director with exclusive jurisdiction to determine all issues of fact as well as all questions involving the exercise of discretion. In the present case, the Director does not allege that he desires the advice of the "General Accounting Office" on any question of law. As the disbursing officer of the Bureau is subject to the control of the Director, it was not essential that the disbursing officer should be made a party.

After the argument of the case on the merits, counsel for the Comptroller General of the United States sought and obtained leave of this court to file a brief as amicus curiæ. In that brief, the Comptroller General stated that Cavanagh and other retired officers similarly situated were attempting to get "two retired pays, or compensations, from the United States," and that the law does not authorize such payments. Thereupon, the case was assigned for reargument. Upon the reargument, counsel for appellee stated in open court that, prior to the decision in the court below, appellee had filed an express waiver of pay as a retired enlisted man and that, therefore, the question of double retired pay does not arise. This would be so even though such waiver had not been filed, for, assuming that double retirement pay was not authorized by the retirement acts, the filing of a petition under the Act of 1928 would constitute an election to take under that act to the exclusion of the Act of June 6, 1924. We are not called upon, therefore, to pass upon the question suggested by the Comptroller General.

From the statement of counsel for appellee, it is assumed that if appellee has received the pay of a retired enlisted man since filing his application under the Act of 1928, the two will not overlap. In other words, that from May 31, 1928, until appellee ceased to receive the pay of a retired enlisted man, he will be paid the difference between that pay and his pay under the Act of 1928.

As modified, the judgment is affirmed.

Affirmed, as modified.