HINES, Director of United States Veterans' Bureau, v. UNITED STATES ex rel. LIVINGSTON.

No. 5144.

Court of Appeals of District of Columbia.

Argued May 5, 1930.

Decided June 2, 1930.

348

Leo A. Rover, John W. Fihelly, Annabel Hinderliter, and James T. Brady, all of Washington, D. C., for appellant.

S. T. Ansell, of Washington, D. C., for appellee.

Before MARTIN, Chief Justice, and ROBB, and VAN ORSDEL, Associate Justices.

MARTIN, Chief Justice.

Appeal from a judgment in mandamus commanding appellant, as Director of the United States Veterans' Bureau, to place relator upon the retired list created by the Emergency Officers' Retirement Act of May 24, 1928 (45 Stat. 735 [38 USCA §§ 581,

582]), with retired pay as provided by that act.

The issue below was made by relator's petition, respondent's return to the rule to show cause, and relator's demurrer to the return. The court sustained the demurrer, and the respondent elected to stand upon his return, whereupon judgment was entered against him, and this appeal was taken.

It is conceded that the relator served in the United States National (Emergency) Army during the World War as a commissioned officer, and was honorably discharged from service January 20, 1920, at which time he held the rank of first lieutenant, and was receiving the pay of second lieutenant at $1,700 per annum. Upon relator's discharge from the service the Veterans' Bureau found that he had incurred permanent physical disability in line of duty while serving as a commissioned officer during the World War, and rated the disability at 13 per centum, and provided him with vocational training and paid him compensation accordingly. On March 11, 1926, the Bureau again rated the relator, and found his permanent disability resulting directly from such war service to be 31 per centum. From the time of this rating, March 11, 1926, the Bureau paid relator his monthly compensation upon the basis of 31 per centum permanent disability, up to June 18, 1927. Relator was then commissioned as an officer in the Medical Corps of the Regular Army, and his rated compensation as a retired emergency officer ceased. See section 212, World War Veterans' Act 1924, as amended by Act July 2, 1926, § 13, 44 Stat. 798 (38 USCA § 422). On March 1, 1929, relator resigned from the Regular Army, and has not been in active service since.

On May 24, 1928, Congress enacted the Emergency Officers' Retirement Act (45 Stat. 735 [38 USCA §§ 581, 582], which, omitting its formal parts, reads as follows:

"That all persons who have served as officers of the Army, Navy, or Marine Corps of the United States during the World War, other than as officers of the Regular Army, Navy, or Marine Corps who during such service have incurred physical disability in line of duty, and who have been, or may hereafter, within one year, be, rated in accordance with law at not less than 30 per centum permanent disability by the United States Veterans' Bureau for disability resulting directly from such war service, shall, from date of receipt of application by the Director of the United States Veterans' Bureau, be placed upon, and thereafter continued on, separate

retired lists, hereby created as part of the Army, Navy, and Marine Corps of the United States, to be known as the emergency officers' retired list of the Army, Navy, or Marine Corps of the United States, respectively, with the rank held by them when discharged from their commissioned service, and shall be entitled to the same privileges as are now or may hereafter be provided for by law or regulations for officers of the Regular Army, Navy, or Marine Corps who have been retired for physical disability incurred in line of duty, and, shall be entitled to all hospitalization privileges and medical treatment as are now or may hereafter be authorized by the United States Veterans' Bureau, and shall receive from date of receipt of their application retired pay at the rate of 75 per centum of the pay to which they were entitled at the time of their discharge from their commissioned service, except pay under the Act of May 18, 1920: Provided, That all pay and allowances to which such persons or officers may be entitled under the provisions of this law shall be paid solely out of the military and naval compensation appropriation fund of the United States Veterans' Bureau, and shall be in lieu of all disability compensation benefits to such officers or persons provided in the World War Veterans' Act, 1924, and amendments thereto, except as otherwise authorized herein, and except as provided by the Act of December 18, 1922: Provided further, That all persons who have served as officers of the Army, Navy, or Marine Corps * * * who during such service have incurred physical disability in line of duty, and who have heretofore or may hereafter be rated less than 30 per centum and more than 10 per centum permanent disability by the United States Veterans' Bureau, for disability resulting directly from such war service, shall, from date of receipt of application by the Director of the United States Veterans' Bureau, be placed upon, and thereafter continued on, the appropriate emergency officers' retired list, created by this Act, with the rank held by them when discharged from their commissioned service, but without retired pay, and shall be entitled only to such compensation and other benefits as are now or may hereafter be provided by law or regulations of the United States Veterans' Bureau, together with all privileges as are now or may hereafter be provided by law or regulations for officers of the Regular Army, Navy, or Marine Corps who have been retired for physical disability incurred in line of duty: And provided further, That the retired list created by this Act of officers of the Army shall be published annually in the Army Register, and said retired lists of officers of the Navy and Marine Corps, respectively, shall be published annually in the Navy Register.

"Sec. 2. No person shall be entitled to benefits under the provisions of this Act except he make application as hereinbefore provided and his application is received in the United States Veterans' Bureau within twelve months after the passage of this Act: Provided, That the said director shall establish a register, and applications made hereunder shall be entered therein as of the actual date of receipt, in the order of receipt in the Veterans' Bureau, and such register shall be conclusive as to date of receipt of any application filed under this Act. The term 'World War,' as used herein, is defined as including the period from April 6, 1917, to July 2, 1921."

In August, 1928, the relator applied to the respondent for benefits under the foregoing act, claiming retired pay under the rating of 31 per centum permanent disability, as last determined by the Bureau prior to the passage of the act. This application was denied by respondent upon the ground that the relator's subsequent service in the Regular Army barred him from the benefits of the act. Thereupon relator brought the present action in the lower court, praying for a writ of mandamus to compel the respondent to place relator upon the separate retired list created by the act with the rank of first lieutenant, and to pay or cause to be paid to him retired pay at the rate of 75 per centum of the pay to which he was entitled at the time of his discharge from his commissioned service.

While the case was pending in the lower court the respondent abandoned the contention that relator's claim for retirement under the act was barred by his service in the Regular Army. See Hines, Director, Appellant, v. U. S. ex rel. John Cavanagh, 59 App. D. C. 267, 39 F. (2d) 517. The respondent however then caused relator's case to be reviewed, and it was held that relator was not permanently disabled to a degree of more than 10 per centum. The respondent accordingly placed relator upon the emergency officers' retired list, but without retired pay under the act.

The decisive issue in this case arises from the action of the respondent in thus rating or re-rating the relator in August, 1929. The relator claims that the rating of 31 per centum which the Bureau had awarded him prior to the passage of the act was final, conclu-

sive, and mandatory upon respondent, and that the act did not confer upon the Bureau either the duty or authority to re-rate him after the date of its passage. The decision of the lower court sustained this contention, and in our opinion this was error.

It is provided by section 202 (4) of the World War Veterans' Act 1924, 43 Stat. 613 (38 USCA § 477), that a schedule of ratings of reductions in earning capacity from injuries or combinations of injuries shall be adopted and applied by the Veterans' Bureau; and, by section 205 of the same act (p. 622 [38 USCA § 494]), it is provided that upon its own motion or upon application the Bureau may at any time review an award, and, in accordance with the facts found upon such review, may end, diminish, or increase the compensation previously awarded. It is recited in the first proviso of the Emergency Officers' Retirement Act that the pay and allowance provided for officers under the act shall be in lieu of all disability compensation benefits for such officers provided by the preceding act, to wit, the World War Veterans' Act of 1924. Inasmuch as the benefits granted by both acts arise from ratings made by the Veterans' Bureau, it is not reasonable to believe that Congress intended to deprive the Bureau when acting under the latter act, of the power to review its ratings which is expressly granted to it by the former act. Moreover, the language of the latter act confirms this view. It is recited in the second proviso of this act that all officers, such as are described in the first paragraph of the act, "who have heretofore or may hereafter be rated less than 30 per centum and more than 10 per centum permanent disability by the United States Veterans' Bureau," shall be entitled to certain benefits "but without retired pay." This provision authorizes the rating of all such officers by the Bureau at any time after the passage of the act, in order to determine whether the physical disability incurred by the officer is less than 30 per centum and more than 10 per centum permanent disability. The provision prescribes no limitation of time within which such rating may be made, nor does it contain any exception as to officers who may have been rated at more than 30 per centum permanent disability prior to the enactment of the act. We are convinced that it was the intent of Congress that the Bureau should exercise the same authority to review ratings under this act, which was conferred upon it by the World War Veterans' Act of 1924, 43 Stat. 622, and that it was

not the legislative intent that the Bureau should become "functus officio" so soon as its first rating was made in a case. We are supported in this conclusion by the Opinion of the Attorney General of the United States, 35 Ops. Attys. Gen. 519, January 18, 1929. It follows that the respondent was acting within his jurisdiction when he caused the relator's rating to be reconsidered, and a writ of mandamus will not lie to control the exercise of respondent's judgment in such case. Forbes v. Welch, 52 App. D. C. 303, 286 F. 765; Hines v. Welch, 57 App. D. C. 371, 23 F.(2d) 979; Hines v. Starnes, 58 App. D. C. 219, 26 F.(2d) 997; Kalasanckas v. Hines, 59 App. D. C. 217, 38 F.(2d) 389.

The judgment of the lower court is reversed, and the cause is remanded for further proceedings not inconsistent herewith.

Leo A. Rover, John W. Fihelly, Annabel Hinderliter, and James T. Brady, all of Washington, D. C., for appellant.

S. T. Ansell, of Washington, D. C., for appellee.

