sive, and mandatory upon respondent, and that the act did not confer upon the Bureau either the duty or authority to re-rate him after the date of its passage. The decision of the lower court sustained this contention, and in our opinion this was error.

It is provided by section 202 (4) of the World War Veterans' Act 1924, 43 Stat. 613 (38 USCA § 477), that a schedule of ratings of reductions in earning capacity from injuries or combinations of injuries shall be adopted and applied by the Veterans' Bureau; and, by section 205 of the same act (p. 622 [38 USCA § 494]), it is provided that upon its own motion or upon application the Bureau may at any time review an award, and, in accordance with the facts found upon such review, may end, diminish, or increase the compensation previously awarded. It is recited in the first proviso of the Emergency Officers' Retirement Act that the pay and allowance provided for officers under the act shall be in lieu of all disability compensation benefits for such officers provided by the preceding act, to wit, the World War Veterans' Act of 1924. Inasmuch as the benefits granted by both acts arise from ratings made by the Veterans' Bureau, it is not reasonable to believe that Congress intended to deprive the Bureau when acting under the latter act, of the power to review its ratings which is expressly granted to it by the former act. Moreover, the language of the latter act confirms this view. It is recited in the second proviso of, this act that all officers, such as are described in the first paragraph of the act, "who have heretofore or may hereafter be rated less than 30 per centum and more than 10 per centum permanent disability by the United States Veterans' Bureau," shall be entitled to certain benefits "but without retired pay." This provision authorizes the rating of all such officers by the Bureau at any time after the passage of the act, in order to determine whether the physical disability incurred by the officer is less than 30 per centum and more than 10 per centum permanent disability. The provision prescribes no limitation of time within which such rating may be made, nor does it contain any exception as to officers who may have been rated at more than 30 per centum permanent disability prior to the enactment of the act. We are convinced that it was the intent of Congress that the Bureau should exercise the same authority to review ratings under this act, which was conferred upon it by the World War Veterans' Act of 1924, 43 Stat. 622, and that it was

not the legislative intent that the Bureau should become "functus officio" so soon as its first rating was made in a case. We are supported in this conclusion by the Opinion of the Attorney General of the United States, 35 Ops. Attys. Gen. 519, January 18, 1929. It follows that the respondent was acting within his jurisdiction when he caused the relator's rating to be reconsidered, and a writ of mandamus will not lie to control the exercise of respondent's judgment in such case. Forbes v. Welch, 52 App. D. C. 303, 286 F. 765; Hines v. Welch, 57 App. D. C. 371, 23 F.(2d) 979; Hines v. Starnes, 58 App. D. C. 219, 26 F.(2d) 997; Kalasanckas v. Hines, 59 App. D. C. 217, 38 F.(2d) 389.

The judgment of the lower court is reversed, and the cause is remanded for further proceedings not inconsistent herewith.

Frank T. HINES, Director of the United State Veterans' Bureau, Appellant, v. UNITED STATES of America, ex rel. Eric NILAN, Appellee.

No. 5145.

Court of Appeals of District of Columbia.

Argued May 5, 1930.

Decided June 2, 1930.

Leo A. Rover, John W. Fihelly, Annabel Hinderliter, and James T. Brady, all of Washington, D. C., for appellant.

S. T. Ansell, of Washington, D. C., for appellee.

Before MARTIN, Chief Justice, and ROBB and VAN ORSDEL, Associate Justices.

MARTIN, Chief Justice.

Appeal from a judgment in mandamus commanding appellant, as Director of the United States Veterans' Bureau, to place relator upon the retired list created by the Emergency Officers' Retirement Act of May 24, 1928 (45 Stat. 735 [38 USCA §§ 581, 582]), with retired pay as provided by that act.

The issue below was made by the relator's petition, respondent's answer to the rule to show cause, and relator's demurrer to the return. The court sustained the demurrer, and the respondent elected to stand upon his

return, whereupon judgment was entered against him, and this appeal was taken.

It is agreed by the parties that the issue involved in this case is essentially similar to that involved in Frank T. Hines, Director of the United States Veterans' Bureau, Appellant v. United States of America ex rel. Stanton K. Livingston, 59 App. D. C. 363, 42 F. (2d) 347, wherein a decision is announced concurrently herewith. Conformably with the court's opinion in that case the judgment of the lower court in the present case is reversed, and the cause is remanded for further proceedings not inconsistent herewith.

Frank T. HINES, Director of the United State Veterans' Bureau, Appellant, v. UNITED STATES of America, ex rel. Robert A. BAIRD, Appellee.

No. 5146.

Court of Appeals of District of Columbia.

Argued May 5, 1930.

Decided June 2, 1930.

Leo A. Rover, John W. Fihelly, Annabel Hinderliter, and James T. Brady, all of Washington, D. C., for appellant.

S. T. Ansell, of Washington, D. C., for appellee.

Before MARTIN, Chief Justice, and ROBB and VAN ORSDEL, Associate Justices.

MARTIN, Chief Justice.

Appeal from a judgment in mandamus commanding appellant, as Director of the United States Veterans' Bureau, to place relator upon the retired list created by the Emergency Officers' Retirement Act of May 24, 1928 (45 Stat. 735 [38 USCA §§ 581, 582]), with retired pay as provided by that act.

The issue below was made by the relator's petition, respondent's answer to the rule to show cause, and relator's demurrer to the return. The court sustained the demurrer, and the respondent elected to stand upon his return, whereupon judgment was entered against him, and this appeal was taken.

It is agreed by the parties that the issue involved in this case is essentially similar to that involved in Frank T. Hines, Director of the United States Veterans' Bureau, Appellant v. United States of America ex rel. Stanton K. Livingston, 59 App. D. C. 363, 42 F. (2d) 347, wherein a decision is announced concurrently herewith. Conformably with the court's opinion in that case the judgment of the lower court in the present case is reversed, and the cause is remanded for further proceedings not inconsistent herewith.

CHAPARAS v. KOUNTAKIS.

No. 4960.

Court of Appeals of District of Columbia.

Argued May 7, 1930.

Decided June 2, 1930.

F. R. Noel, of Washington, D. C., for appellant.

Soterios Nicholson and R. H. McNeill, both of Washington, D. C., for appellee.

Before MARTIN, Chief Justice, and ROBB and VAN ORSDEL, Associate Justices.

ROBB, Associate Justice.

Appeal, under section 226 of the Code, from an interlocutory decree in the Supreme Court of the District appointing a receiver for a delicatessen and grocery business in