676

UNITED STATES ex rel. JUNE v. HINES,
Administrator of Veterans' Affairs.
No. 5609.

Court of Appeals of the District of Columbia.
Argued Oct. 3, 1932.
Decided Oct. 24, 1932.

Herbert S. Ward and R. H. McNeill, both of Washington, D. C., for appellant.

Leo A. Rover, U. S. Atty., John J. Wilson, Asst. U. S. Atty., and James T. Brady, all of Washington, D. C., for appellee.

Before MARTIN, Chief Justice, and ROBB, HITZ, and GRONER, Associate Justices.

ROBB, Associate Justice.

This is a petition for a writ of mandamus to compel appellee to replace appellant's name on the emergency officers' retired list as of September 30, 1930, and to continue his name thereon with the rank and pay of lieutenant colonel. Appellee filed an answer to the petition; whereupon appellant moved for judgment on the pleadings. This motion was overruled, and, appellant electing to stand on the motion, judgment was entered dismissing the petition.

June was an emergency officer in the United States Army during the World War. Within one year from the passage of the Emergency Officers' Retirement Act (45 Stat. 735, tit. 38, §§ 581, 582, U. S. C. [38 USCA §§ 581, 582]), he filed application for retirement under that act. He was found to be suffering from general paralysis, cerebral type, and on May 19, 1929, his name was placed on the emergency officers' retired list. Thereafter, on September 30, 1930, upon a re-examination of the record, it was found that the general paralysis from which June was suffering resulted from syphilis, and that the disease was "not shown to have been incurred in line of duty or directly aggravated in line of duty. * * *" Thereupon appellee caused June's name to be removed from the emergency officers' retired list.

In his answer appellee states that "the disability upon which action was taken as the result of the petitioner's (appellant's) application for retirement was not the alleged injury to the petitioner's spine but was general paralysis, cerebral type, which said disability resulted from the disease of syphilis," which "was incurred by the petitioner not in the line of duty, but as the result of the petitioner's own willful misconduct."

In Hines v. United States ex rel. Livingston, 59 App. D. C. 363, 42 F.(2d) 347, the authority of the Veterans' Bureau "at any time" to review an award made under the provisions of the Emergency Officers' Retirement Act here involved was carefully considered and sustained. That act, so far as pertinent, provides that emergency officers who during service in the World War "incurred physical disability in line of duty, and who have been, or may hereafter, within one year, be, rated in accordance with law at not less than 30 per centum permanent disability by the United States Veterans' Bureau for disability resulting directly from such war service, shall, * * * be placed upon, and thereafter continued on, separate retired lists, * * * and shall be entitled to the same privileges * * * provided for by law or regulations for officers of the Regular Army, * * * who have been retired for physical disability incurred in line of duty. * * *"

The decision in the Livingston Case is controlling here. The mere fact that Livingston's name had not been placed on the emergency officers' retired list does not lessen the pertinency of that decision. The important thing was the finding of the bureau upon which the right to be placed upon the list was based. So long as that finding was

in force, the placing on the list followed as a matter of course, and was a mere ministerial act.

Moreover, on the record before us, it must be assumed that appellant's disability was incurred, not in the line of duty, but as the result of his own willful misconduct. Mandamus is awarded, not as a matter of right, but in the exercise of a sound judicial discretion; "to compel the performance of a duty which ought to be performed, not to direct an act which will work a public or private mischief or will be within the strict letter of the law but in disregard of its spirit." Duncan Townsite Co. v. Lane, 245 U. S. 308, 38 S. Ct. 99, 101, 62 L. Ed. 309; Wilbur v. United States, 60 App. D. C. 11, 15, 46 F.(2d) 217.

Judgment affirmed.

Affirmed.